# RESCRIPT OPINIONS.

COMMONWEALTH vs. ANDRE NORMAN. November 6, 1989. *Robbery. Larceny. Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeopardy.

The reason that we took this case was to consider whether jeopardy attaches under the Fifth Amendment to the United States Constitution so as to bar a trial of the defendant in the Superior Court for armed robbery arising from the taking of a motor vehicle after he had been convicted in the District Court of larceny (a lesser included offense) of the same motor vehicle arising from the same taking. The Appeals Court decided that the bar of double jeopardy foreclosed a second trial in the Superior Court. 27 Mass. App. Ct. 82 (1989). We granted the Commonwealth's application for further appellate review.

For all the reasons advanced by the Appeals Court (the facts are recited in its opinion), we conclude that the holding in *Brown* v. *Ohio*, 432 U.S. 161, 169 (1977), bars a second trial of the defendant on an indictment for armed robbery arising out of the same unlawful taking despite our earlier rule to the effect that a conviction or an acquittal of a defendant for larceny in a District Court is no bar to trial of the defendant for armed robbery for the same taking in the Superior Court because the District Court has no trial jurisdiction of armed robbery. *Commonwealth* v. *Mahoney*, 331 Mass. 510, 513-514 (1954). We also agree with the Appeals Court's holding on the issue of waiver. 27 Mass. App. Ct. at 87-88.

The judgment of the Superior court is reversed and the verdict set aside. The indictment is to be dismissed.

*So ordered.*

*Janis M. Berry* for the defendant.
*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.