COMMONWEALTH *vs.* PETER HRYCENKO.

Norfolk. February 8, 1994. - March 14, 1994.

Present: WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Constitutional Law*, Double jeopardy. *Practice, Criminal*, Indictment, Bill of particulars, Double jeopardy, Appeal. *Rape. Witness*, Impeachment. *Evidence*, Impeachment of credibility, Cross-examination.

In a criminal case, identically-worded indictments that follow the statutory form are not constitutionally defective for failure sufficiently to apprise the defendant of the charges, thereby leaving him unable adequately to prepare his defense, where the defendant has the opportunity to obtain sufficient information to enable him to understand the charges through a bill of particulars. [312-313]

At the retrial of indictments, defense counsel sufficiently preserved the defendant's appellate rights with respect to a double jeopardy issue. [313-315]

In a criminal case, the double jeopardy clause of the Fifth Amendment to the United States Constitution and the corresponding protections provided by State law barred a defendant's retrial after his conviction on one indictment was reversed, where the wording of that indictment was identical to the wording of another indictment on which the defendant had been acquitted, and the defendant demonstrated that it could not be determined on which alleged offense the jury acquitted him and on which they convicted him. [315-317]

A criminal defendant did not waive his right to claim the bar of double jeopardy at the retrial of an indictment as to which the defendant's conviction had been reversed, by his having failed to request a bill of particulars on that indictment and other identically-worded indictments before the first trial. [317-318]

At a criminal trial the judge correctly refused to permit defense counsel to cross-examine the victim as to a prior false accusation of sexual assault, where the defendant's offer of proof went only to the victim's failure to prosecute the claim, not to the claim's falsity. [318-319]

At a criminal trial, no error appeared in the judge's exclusion of certain questions defense counsel asked on cross-examination. [319]

INDICTMENTS found and returned in the Superior Court Department on January 11, 1989.

After review reported in 31 Mass. App. Ct. 425 (1991), the cases were retried before *Andrew G. Meyer*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert L. Sheketoff* for the defendant.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. Today we decide whether the double jeopardy clause of the Fifth Amendment to the United States Constitution and the corresponding protections against double jeopardy provided by State law bar retrial after conviction on one indictment is reversed, where the wording of the indictment is identical to the wording of another indictment on which the defendant was acquitted, and the defendant has shown that it cannot be determined on which alleged offense the jury acquitted him and on which they convicted him. Because we determine that, in these circumstances, the Commonwealth should bear the risk that identically-worded indictments will later cause the defendant to be subjected to a retrial on an acquitted charge, we hold that the judge erred in failing to dismiss the two indictments charging the defendant, Peter Hrycenko, with aggravated rape and reverse his convictions on these indictments. We reach this conclusion even though the uncertainty regarding a retrial may have been avoided if the defendant had exercised his right to request a bill of particulars prior to the first trial. As for the defendant's other contentions of error, we disagree and, accordingly, affirm the remaining convictions of assault by means of a dangerous weapon, kidnapping, and possession of cocaine.

In January, 1989, a grand jury returned twelve indictments against the defendant. All the indictments arose from an incident on September 25, 1988, where the defendant, along with his wife, allegedly picked the victim up while she was hitchhiking one morning in Brockton and, at gunpoint, drove her to their home in Sharon. There the defendant al-

legedly raped the victim many times over the course of that day while his wife watched with a gun. Six of the indictments charged the defendant with aggravated rape. These indictments were identical, except for their indictment numbers. The other six indictments charged the defendant with kidnapping, assault by means of a dangerous weapon, threatening to kill, and possession of controlled substances (cocaine, marihuana, and lidocaine).

The defendant did not request a bill of particulars prior to the first trial. At the first trial, the defendant was acquitted on four of the six indictments charging aggravated rape and was convicted on all the remaining indictments. On appeal, the Appeals Court reversed his convictions and remanded the case for a new trial, concluding that the trial judge had improperly allowed the jury to view during deliberations certain prejudicial photographs which had been excluded at trial. *Commonwealth* v. *Hrycenko*, 31 Mass. App. Ct. 425, 432, 434 (1991). Prior to retrial, the defendant filed a motion to dismiss the two remaining aggravated rape indictments, arguing that retrial of these indictments was barred by the prohibition against double jeopardy. This motion was summarily denied. The defendant was then retried and convicted on all charges. The defendant was then sentenced to five concurrent terms: two terms of from nine to twelve years on the aggravated rape indictments, two terms of from nine to ten years on the assault by means of a dangerous weapon and kidnapping convictions, and a term of two and one-half years on the conviction for possession of cocaine.[1] The convictions on the other indictments were placed on file with the defendant's

---

[1] Although the dockets do not so indicate, both the defendant and the Commonwealth state in their briefs that the sentences were subsequently changed by the Appellate Division of the Superior Court. The Appellate Division sentenced the defendant to four concurrent terms of six to nine years on the two aggravated rape convictions, the assault by means of a dangerous weapon conviction, and the kidnapping conviction. The briefs do not indicate whether the sentence on the possession of cocaine conviction was changed.

consent. The defendant has appealed and we transferred the case to this court on our own motion.[2]

1. *The two aggravated rape indictments.* The defendant contends that his convictions on the two aggravated rape indictments should be reversed. His first ground for reversal is that the indictments on which the convictions stand were defective as a matter of law because, being written in identical language, they failed sufficiently to apprise him of the charges against him thereby leaving him unable adequately to prepare his defense and to plead former jeopardy. We have never decided whether identically-worded indictments are constitutionally defective as a matter of law. The defendant, however, failed to raise this issue prior to his first trial and, under G. L. c. 277, § 47A (1992 ed.), is deemed to have waived this defense.[3] Furthermore, he failed to argue this issue on his first appeal. Indeed, the defendant must have regarded his chances for relief on this issue as slim since his argument in his brief comprises only three sentences. However, because the resolution of this issue may affect our disposition of other issues properly raised on this appeal, we address this issue and hold that the defendant's argument would fail even if properly raised.

As the defendant concedes in his brief, the Appeals Court, in *Commonwealth* v. *Watkins*, 33 Mass. App. Ct. 7 (1992), has held against his position on this very issue.[4] We agree

---

[2]Although the defendant appeals from all his convictions, we do not review the convictions placed on file. "Absent exceptional circumstances, we do not consider appeals on assignment of error on indictments placed on file . . . ." *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975).

[3]General Laws c. 277, § 47A (1992 ed.), provides in pertinent part: "In a criminal case, any defense or objection based upon defects . . . in the . . . indictment . . . shall only be raised prior to trial . . . . The failure to raise any such defense or objection by motion prior to trial shall constitute a waiver thereof, but a judge or special magistrate may, for cause shown, grant relief from such a waiver." The defendant, who did not even address the issue of waiver in his brief, has failed to show cause for such relief.

[4]In *Commonwealth* v. *Watkins*, 33 Mass. App. Ct. 7 (1992), the court was reviewing a conviction of rape where the defendant had been tried on two identically-worded indictments and was found guilty on one and not guilty on the other. *Id.* at 7. Since no specifications were sought on the two

with the *Watkins* court's reasoning and hold that identically-worded indictments are not defective if the defendant has the opportunity to obtain, through a bill of particulars, sufficient · information to enable him to understand the charges against him and to prepare his defense. See G. L. c. 277, § 34 (1992 ed.).[5] Both of the defendant's indictments for aggravated rape follow the statutory form set out in G. L. c. 277, § 79 (1992 ed.). We have consistently held that indictments that follow the statutory form are constitutionally sufficient. *Commonwealth* v. *Daughtry, ante* 136, 141-142 (1994). We see no reason to except identically-worded indictments from this rule.

In *Watkins, supra* at 11-12, the Appeals Court expressly did "not consider . . . whether retrial would be barred by principles of double jeopardy . . . in the event that there should exist an independent ground for reversal." Unlike the defendant in *Watkins*, the defendant at bar successfully obtained reversal of his convictions on an independent ground and now argues that the retrial should have been barred under Federal and State double jeopardy protections. Before we may address this issue, however, we must disagree with the Commonwealth's contention that the defendant failed to preserve this issue for appellate review. "Protection against

---

indictments, it could not be ascertained on which of the alleged rapes the jury convicted and on which they acquitted. The indictments followed the applicable statutory form. The court noted that indictments which follow the statutory form have been upheld as constitutionally sufficient. Citing approvingly to a decision in which the Rhode Island Supreme Court reasoned that "the defendant had ample opportunity, by way of discovery or a motion for a bill of particulars, to ascertain the times, places, and circumstances of the offenses alleged," *id.* at 10, the court concluded that "the fact that the indictment on which the defendant was convicted is identical to the indictment on which he was acquitted is not, by itself, a ground for reversal." *Id.* at 11.

[5]General Laws c. 277, § 34 (1992 ed.), provides: "An indictment shall not be dismissed or be considered defective or insufficient if it is sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars."

[double] jeopardy is a fundamental constitutional right but that status alone has not put beyond the pale the idea that it may be waived by failure to raise it at a lower level." *Commonwealth* v. *Norman*, 27 Mass. App. Ct. 82, 87, *S.C.*, 406 Mass. 1001 (1989).

Although the Commonwealth acknowledges that, prior to retrial, the defendant filed a motion to dismiss the two aggravated rape indictments on the ground that a retrial on these indictments would violate his rights as to double jeopardy, and that a motion judge subsequently denied this motion, it maintains that the defendant nevertheless abandoned this issue and waived his appellate rights by failing to file a second motion to dismiss after the trial judge decided to reconsider the denial of the first. The Commonwealth contends that on April 27, 1992, the day set for trial, defense counsel requested the judge to reconsider the denial of the prior defense counsel's motion to dismiss, that the judge ruled that the motion would be reconsidered or, in the alternative, that a new motion to dismiss should be filed, that defense counsel stated that he would file a new motion the next day, and that he failed to do so. A review of the record, however, makes certain that the actions taken by defense counsel which the Commonwealth contends constitute an abandonment of this issue, in fact, were efforts to assure that the defendant's appellate rights were preserved.[6] In fact, defense counsel re-

---

[6]The following excerpt from the motion hearing shows that the judge never decided to reconsider the denial of the motion to dismiss, as the Commonwealth maintains, but instead granted the defendant's motion to adopt all motions filed by the defendant's previous counsel as to the motion to dismiss.

DEFENSE COUNSEL: "We had Motion to Adopt all Motions filed by Defendant's Previous Counsel."

THE JUDGE: "Right. That is denied."

DEFENSE COUNSEL: "I would object to the Court's ruling on that. I would ask, specifically, if the Court would consider exempting a few motions filed by [prior defense counsel]. The reason why we did not file any of the motions I am about to ask your Honor to exempt is precisely for that reason that we were coming in with a very large, voluminous number of motions now, and I had seen that [prior defense counsel] had filed them already. I didn't want to be duplicitous with this court. The one, specifi-

ceived such assurances from the judge. The defendant suffi-
ciently preserved his appellate rights prior to the retrial. We
need not address the Commonwealth's other arguments on
this issue.

The defendant's second ground for reversal of the two ag-
gravated rape convictions is that, even if the two aggravated
rape indictments are valid, the retrial on these indictments
violated his Federal constitutional and State common law
protections against double jeopardy. He contends that it can-
not be determined which of the alleged rapes formed the ba-
sis of his two convictions and four acquittals at the first trial
and that he may have been retried on allegations of which he
was acquitted. He further argues that, since he is an accused,
this doubt should be resolved in his favor. Although conced-
ing that it is impossible to discern the basis of the jury's con-
victions and acquittals at the first trial, the Commonwealth
argues that the defendant has the burden to prove former
jeopardy and has failed to do so. In addition, the Common-
wealth argues that the doubts were caused by the defendant's
failure to request a bill of particulars before the first trial
which would have likely prevented the uncertainties concern-
ing the retrial.[7]

---

cally, I was referring to, Your Honor, first, is [prior defense counsel] filed
a Motion to Dismiss. We have not, as yet, on our own motion, filed a
motion to dismiss. We can get one for Your Honor tomorrow morning, or
tomorrow at some point, but [prior defense counsel], again —"

THE JUDGE: "How about if I say denied except as to [prior defense
counsel's] motion to dismiss. Would that help?"

DEFENSE COUNSEL: "That would help, Your Honor."

Any doubt that defense counsel was not requesting a reconsideration of
the motion is removed by the following exchange made shortly thereafter.

DEFENSE COUNSEL: "These are not motions by [defense counsel at first
trial]. These are motions by [prior defense counsel], this trial, as of now. If
your Honor does not allow —"

THE JUDGE: "Then I more emphatically agree with [the assistant dis-
trict attorney]. If it's raised in this trial, it doesn't have to be raised again.
It's been denied, exception has been saved. You can go up. Why bother to
do it now."

[7]The Commonwealth also argues that the defendant waived any claim
that the identically-worded indictments failed to protect him from a subse-
quent prosecution for the same crime when he failed to assert before the

The Fifth Amendment, applied to the States through the Fourteenth Amendment to the United States Constitution, see *Benton* v. *Maryland*, 395 U.S. 784, 787 (1969), "protects against a second prosecution for the same offense after acquittal." *Justices of Boston Mun. Court* v. *Lydon*, 466 U.S. 294, 306 (1984). Although we have never "explicitly stated that our Declaration of Rights includes a double jeopardy guarantee . . . protection against double jeopardy in this Commonwealth has long been part of the common law" (citation omitted). *Lydon* v. *Commonwealth*, 381 Mass. 356, 366 (1980). The defendant has the burden to prove that the retrial should have been barred by double jeopardy principles. *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 868-869 (1983). We are aware of no case that has addressed this precise issue. We proceed guided by the fundamental principles underlying the prohibition against double jeopardy.

In an affidavit accompanying the defendant's motion to dismiss, defense counsel stated that the defendant was indicted six times for aggravated rape in identical language, that the defendant was convicted on two of these indictments and acquitted on four, that it was impossible from a review of the available records to determine on which allegations of rape the jury acquitted him and on which they convicted him, and that his convictions were reversed on appeal and remanded for a new trial. The Commonwealth concedes that it is impossible to determine the bases of the first jury's acquittals and convictions. We have reviewed the transcript of the grand jury proceeding and the entire record of the first trial and agree that no such determination can be made. Because of the uncertainty concerning the bases of the jury's acquittal and guilty verdicts at the first trial, the defendant was subjected at retrial to the risk that he would be con-

---

first trial that the indictments were defective. We agreed above that the defendant waived any claim that the indictments were defective by not raising this issue before the first trial. However, this does not foreclose his current argument that the retrial on the two aggravated rape indictments, even if the indictments on which the convictions are based are held to be valid, subjected him to double jeopardy.

victed of the alleged rapes of which he had been acquitted. The double jeopardy clause declares that no person shall "be subject for the same offense to be twice put in jeopardy." The United States Supreme Court has held that the "twice put in jeopardy" language relates to the risk that an accused will be convicted for the same offense on which he has already been tried. *Price* v. *Georgia*, 398 U.S. 323, 326 (1970). The defendant could not have been retried on the two indictments on which the convictions were reversed on appeal without being subjected to the risk of conviction on a rape charge on which he had been previously acquitted. The defendant has met his burden. The motion judge should have granted the defendant's motion to dismiss the two indictments charging aggravated rape. This conclusion comports with the principle that "the basic premise of the criminal law [is] that ambiguities and doubts are to be resolved in favor of the accused." *Commonwealth* v. *Wilson*, 381 Mass. 90, 125 (1980).

In reaching this conclusion, we are unpersuaded by the Commonwealth's argument that the defendant's failure to request a bill of particulars prior to the first trial waived his subsequent double jeopardy claims at the retrial. We conclude that it would be unreasonable to impose on an accused on the eve of trial the responsibility to seek specifications of identically-worded indictments so that, in the unlikely event that the jury later returns split verdicts on the indictments and, on appeal, the convictions are reversed and remanded for retrial, that the Commonwealth may then proceed to retrial unfettered by any concern of the bar of double jeopardy. This eventuality is more properly regarded as the concern of the Commonwealth, which seeks the indictments before the grand jury. More importantly, this argument fails to appreciate the role bills of particulars plays in our jurisprudence. The Commonwealth erroneously infers that, since a defendant's failure to request a bill of particulars prior to trial waives his right to object to the defective nature of an indictment, this failure also waives the defendant's right to be pro-

tected from reprosecution for the same offense.[8] Although only applicable where there is a subsequent indictment, G. L. c. 263, § 7 (1992 ed.), is instructive. It provides that, when a defendant has been previously acquitted on the facts and merits on an indictment, the fact that the indictment was defective in form or in substance does not prevent the defendant from raising the acquittal as a bar against subsequent prosecution for the same crime. The defendant did not waive his right to claim the bar of double jeopardy when he failed to request a bill of particulars before the first trial. The defendant's two convictions of aggravated rape are reversed.

We next address other issues raised by the defendant as they relate to his other convictions.

2. *Refusal to permit cross-examination of victim as to a prior claim of sexual assault.* The defendant claims that his constitutional rights to present a full defense were denied by the trial judge's refusal to permit him to cross-examine the victim on a charge she had previously made against another for sexual assault.[9] At a voir dire hearing, defense counsel offered a police report that indicated that, approximately two months before the incident in question, the victim claimed that she was picked up hitchhiking and then sexually as-

---

[8]During the time period allowed for pretrial motions, the defendant "may request . . . that the prosecution file a statement of such particulars as may be necessary to give . . . the defendant . . . reasonable notice of the crime charged." Mass. R. Crim. P. 13 (b) (1), 378 Mass. 871 (1978). An indictment is not defective if curable by requiring a bill of particulars. G. L. c. 277, § 34 (1992 ed.). If the defendant does not object prior to trial to a defect in the indictment, the defendant waives his right to object unless cause is shown. G. L. c. 277, § 47A.

[9]The defendant also claims his rights were violated by the judge's refusal to allow him to cross-examine the victim about three charges of assault involving incidents occurring after the incident in question which the victim failed to pursue. These allegations did not involve sexual assault. Nor did the defendant offer any evidence that they were falsely made. The defendant claims that cross-examination on these subjects would have been appropriate because they demonstrate her modus operandi. Although the claimed modus operandi is left unexplained, presumably it is that of filing false claims. The judge did not err by refusing to permit such cross-examination; the complaints were made after the incident in question and there was no evidence that any were falsely made.

saulted. The police report also indicated that the investigation ended after the victim failed to go to the police station and attempt to identify a photograph of her assailant. The defendant claims that the evidence offered was sufficient to fall within the exception to the rule prohibiting the impeachment of a witness with evidence of prior false accusations. See *Commonwealth* v. *Bohannon*, 376 Mass. 90, 93-95 (1978), *S.C.*, 385 Mass. 733 (1982). We disagree. As we have recently made clear, the exception in *Bohannon* is a narrow one. *Commonwealth* v. *Lavelle*, 414 Mass. 146, 151 (1993). A necessary circumstance for this exception is that there is "a basis in independent third-party records for concluding that the prior accusations of the same type of crime had been made and were false." *Commonwealth* v. *Sperrazza*, 379 Mass. 166, 169 (1979). Evidence that the victim failed to pursue a claim is not evidence that the claim was falsely made. See *Commonwealth* v. *Hicks*, 23 Mass. App. Ct. 487, 491 (1987). The defendant failed to make an offer of proof sufficient to meet the exception in *Bohannon*. There was no error.

3. *Restrictions on the defendant's cross-examination.* The defendant argues that the trial judge's exclusions of certain questions on cross-examination denied him his constitutional right to a full and effective cross-examination. His contentions do not merit extended discussion. First, he fails to support his specific arguments with any case or statutory law. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Second, each of these questions was properly excluded because the anticipated answer would have been prejudicial and of questionable relevancy. Third, even assuming that the judge abused his wide discretion in determining the scope of cross-examination, *Commonwealth* v. *Corcoran*, 252 Mass. 465, 486 (1925), the defendant has not shown any resulting prejudice. No error has been shown.

4. *Conclusion.* For the reasons discussed above, we hold that retrial of the two indictments charging aggravated rape violated the prohibition against double jeopardy. The judgments against the defendant on these indictments are re-

versed and the verdicts are set aside. These indictments are to be dismissed. The remaining convictions are affirmed. This case is remanded to the Superior Court for resentencing.

*So ordered.*