Fremont-Smith, J.
Introduction
The defendant Eugene D. Sutton, Jr. has been charged with masked armed robbery in violation of G.L.c. 265, §17. The defendant now moves to dismiss this charge claiming that it is barred by double jeopardy under the State and Federal Constitutions and the common law. For the reasons set forth below, the defendant’s motion to dismiss is allowed.
Background
On December 31, 1997, shortly before 1:00 AM, a Sunoco gas station in Framingham was robbed by two men. There was one attendant, Theodore Lahey, on duty at the gas station. The men stole (1) approximately $160 to $195 in cash from the cash register, (2) a tin cash box containing $114.50 in cash, and (3) three cartons of Newport cigarettes. Sometime after 1:30 AM, the defendant was arrested in Boston. The motor vehicle that the defendant was operating was being pursued and came to a stop after a minor accident. Three males exited the vehicle. Only the defendant was apprehended. The Brookline Police Department applied for and obtained a complaint in the Brookline District Court for the following incidents alleged to have occurred in Brookline on December 31, 1997: 1) marked lane violation, pursuant to G.L.c. 89, §4a and 2) receiving stolen property valued under $250, pursuant G.L.c. 266, §60B. The application for complaint described the property as a carton of Newport cigarettes and cash, all valued under $250. On June 3, 1998, the defendant pled guilty to receiving stolen property valued under $250 along with two other motor vehicle violations. For receiving stolen property, the defendant was sentenced to one hundred and fifty-six days in the House of Corrections, “credit for time served deemed as served."
Discussion
I. Double Jeopardy as Regards Separate Complaints for Armed Robbery, Larceny, and Receipt of the Same Stolen Property
It is an established Federal Constitutional principle of double jeopardy that a conviction of a lesser included offense bars a later prosecution of the greater offense, even if the first court had no jurisdiction over the greater offense. Commonwealth v. Norman, 406 Mass. 1001, 1001 (1989); Ariel A., a juvenile v. Commonwealth, 420 Mass. 281, 284 (1995); Commonwealth v. Norman, 27 Mass.App.Ct. 82, 82-85, 90-91 (1989). Larceny is a lesser included offense of masked armed robbery. See Commonwealth v. Norman, 27 Mass.App.Ct. 85-86. Larceny is a necessary element of robbery, without which, a charge of armed masked robbery cannot be sustained. See Commonwealth v. Jones, 362 Mass. 83, 86 (1972); Commonwealth v. Sheppard, 404 Mass. 774, 778 (1989).
It is also well established that a defendant cannot be convicted both of stealing properly and receiving the same property. Commonwealth v. Nascimento, 421 Mass. 677, 683 (1996). “The guiliy receiver of stolen goods cannot himself be the thief." Commonwealth v. Dellamano, 393 Mass. 132, 134 (1984). This is true even though the crimes of receiving stolen properly and larceny are distinct. Commonwealth v. Dellamano, 393 Mass. 134, n. 4. Double jeopardy bars a subsequent prosecution for larceny when there already is a conviction for receipt of stolen property arising out of the same conduct. Commonwealth v. Arriaga, 44 Mass.App.Ct 382, 385 (1998).
Since, by reason of the defendant having pled guilty to receiving stolen properly of under $250, a prosecu *338 tion for larceny of that property is barred by double jeopardy, and since larceny is a lesser included offense of masked armed robbery, double jeopardy bars the defendant from now being prosecuted for masked armed robbery of the same property. See Commonwealth v. Norman, 406 Mass. 1001 (1989); Commonwealth v. Knight, 16 Mass.App.Ct. 622, 626-27 (1983); Commonwealth v. Norman, 11 Mass.App.Ct. 91 (1989) (double jeopardy rendered unlawful the conviction of the defendant for armed robbery of a motor vehicle when the defendant had been earlier convicted of larceny of the same car in the district court); Commonwealth v. Arriaga, 44 Mass.App.Ct. 385-93.
II. Double Jeopardy as Regards Separate Complaints for Armed Robbery and Larceny of Different Property
The defendant is now charged with robbing in excess of $274, three cartons of cigarettes, and a tin cash box, whereas the defendant’s conviction in the Brookline District Court was for receiving stolen property valued under $250. As the Commonwealth now seeks to prosecute the defendant for armed robbery of property not all of which was encompassed by his guilty plea, the Commonwealth seeks to distinguish this case from the above-cited cases (where the defendant had been convicted of stealing the same property which was then sought to be made the subject of a more serious prosecution).
However, “where it appears that successive takings of property are actuated by a single, continuing criminal impulse or intent or pursuant to the execution of a general larcenous scheme, such successive takings constitute a single larceny, regardless of the extent of the time which may have elapsed between each taking.” Commonwealth v. Donovan, 395 Mass. 20, 29 (1985); Commonwealth v. Stasiun, 349 Mass. 38, 45 (1965). Moreover, the appropriate unit of prosecution for larceny is the taking at a single time and place without regard to the number of items taken. Commonwealth v. Donovan, 395 Mass. 21, 29-30 (where the defendant constructed a phony night deposit box and placed it outside of a bank over one night during which seven duped depositors placed funds, the court determined that the criminal conduct constituted one larceny, not seven, noting that the box was placed for a single time on a single evening). Thus, if the defendant committed one act arising out of the larcenous scheme, a single count of larceny is the proper unit of prosecution, but where there is more than one act, the successive takings of property may, but need not, be charged as one crime. See Commonwealth v. Murray, 401 Mass. 771, 771-72, 774 (1988) (it was proper to accuse the defendant of 180 larcenies where the defendant, on 180 different occasions, took funds from his corporate employer even though the victim was a single corporation and the defendant’s methods never varied); Commonwealth v. Lane, 25 Mass.App.Ct. 1002, 1003 (1988).
Just as the appropriate unit of prosecution for larceny for a taking at a single time and place is a single count of larceny, without regard to the number of items taken, so is the appropriate unit of prosecution for armed robbery of one person at one time and place a single indictment for armed robbery, without regard to the number of items robbed from that person. Commonwealth v. Levia, 385 Mass. 345, 347 (1982) (consecutive sentences for conviction on two counts of armed robbery appropriate, where two persons were put in fear); Commonwealth v. Donovan, 395 Mass. 30 (only when a single criminal transaction gives rise to crimes of violence which are committed against several victims, are multiple indictments of armed robbery appropriate).
Where, as here, it is alleged that a single masked armed robbery took place at a Sunoco gas station in Framingham on December 31, 1997 where several items belonging to the gas station were taken at one time, and only one employee was on duty, applying the standards enumerated in the above cases, a single count of masked armed robbery, and of the lesser included offense of larceny, was appropriate. Here, the court is constrained to conclude that the prior conviction in the District Court of receipt of stolen properly arising out of the same criminal transaction as the armed robbery, bars a subsequent prosecution of the defendant for masked armed robbery in these circumstances.
III. Comity
Finally, the Commonwealth contends, given the substantial difference in the nature and gravity of the crimes allegedly committed in Framingham and Brookline (masked armed robbery as opposed to the simple receipt of stolen goods), that to permit the defendant to escape prosecution for the more serious masked armed robbery because he pled guilty to an ill-advised District Court charge of receiving stolen goods, will permit the defendant to escape justice. While this is true, “the answer to the problem [was] not to deprive defendants of their constitutional right to be free from successive prosecutions but, if greater charges are in the offing, for the government to ask that the District Court judge reject the proffered guilty plea. Given contemporary communications resources, it ought not to be a herculean task to find out if, as in the instant case, a greater charge is pending, and to bring it to the attention of the judge to whom a plea or admission is offered on the lesser offense.” Commonwealth v. Norman, p. 2, supra, at 91.
ORDER
It is therefore ORDERED that defendant’s motion to dismiss the indictment on double jeopardy grounds, pursuant to Mass.R.Crim.P. 13, be ALLOWED.