## COMMONWEALTH *vs.* REGINALD CROWDER.

No. 99-P-134.

Middlesex. May 8, 2000. - July 25, 2000.

Present: JACOBS, PORADA, & GELINAS, JJ.

*Rape. Practice, Criminal,* Indictment, Grand jury proceedings, Assistance of counsel, Voir dire.

There was no merit to the claim of a defendant, indicted for and convicted of aggravated rape, that he may have been convicted of a crime for which he was not indicted. [721-722]

There was no error in the denial of a criminal defendant's motion for a new trial asserting ineffective assistance of counsel. [722]

INDICTMENT found and returned in the Superior Court Department on November 13, 1990.

Following review by this court, 39 Mass. App. Ct. 1111 (1995), a motion for new trial was heard by *R. Malcolm Graham*, J.

*Kathleen M. McCarthy* for the defendant.

*Marian T. Ryan*, Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was indicted by a grand jury for aggravated rape and assault and battery by means of a dangerous weapon. A jury in the Superior Court returned a verdict of guilty on the aggravated rape indictment and not guilty on the assault and battery by means of a dangerous weapon indictment. His conviction of aggravated rape was affirmed by this court in a memorandum and order pursuant to our rule 1:28. See 39 Mass. App. Ct. 1111 (1995). The defendant then filed a motion for a new trial on two grounds: (1) he may have been convicted of a crime for which he was not indicted, and (2) his counsel was ineffective in failing to advise him of his entitlement to an individual voir dire of the jury in an interracial rape case. From the denial of this motion, the defendant now appeals.

1. *Indictment for aggravated rape*. The defendant's argument that he may have been convicted of a crime for which he was not indicted is based on two grounds. First, he argues that the jury could have convicted the defendant of rape based on an instance of digital penetration about which the victim testified at trial but did not testify before the grand jury. Although the victim did not testify to an instance of digital penetration before the grand jury, a police officer, as a fresh complaint witness, did. This evidence was sufficient to form the basis for a grand jury indictment. See *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 655 (1979) (grand jury indictment may be based on hearsay). The defendant's argument on this ground fails for this reason.

Second, relying on *Commonwealth* v. *Barbosa*, 421 Mass. 547, 551 (1995), the defendant argues that, because the grand jury heard evidence of four separate acts of forcible penetration committed by the defendant on the victim but returned only one indictment for aggravated rape, it is impossible to tell whether the jury's verdict of guilty was based on the same act of penetration as the grand jury's indictment. In *Barbosa*, the grand jury heard evidence that the defendant engaged in two separate transactions, each constituting distribution of cocaine, but returned only one count of distribution in the indictment. *Id.* at 548. At trial, the prosecution again presented evidence of the two transactions and the jury returned a verdict of guilty on the one count of distribution. *Id.* at 549. The Supreme Judicial Court reversed the conviction, reasoning that there was a very real possibility that the defendant was convicted of a crime for which he was not indicted by a grand jury. *Id.* at 551, 554.

Assuming, without deciding, that the defendant did not waive this argument by failing to file a motion to dismiss[1] or to raise it in his direct appeal,[2] we think that this case can be distinguished from *Barbosa*. Unlike *Barbosa*, there was only a single episode involving the same parties. Further, it is well established that a single indictment for rape is proper where the alleged multiple

---

[1]In *Barbosa*, the defendant preserved the claim of error by filing a motion to dismiss prior to trial. *Commonwealth* v. *Barbosa*, 421 Mass. at 553. See Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979).

[2]Although the issue may well have been waived by the defendant's failure to raise it in his direct appeal, the issue is before us on "a substantial risk of a miscarriage of justice" standard by the motion judge's decision to consider the issue on its merits. *Commonwealth* v. *Curtis*, 417 Mass. 619, 624 n.4 (1994).

acts of penetration are part of a continuing criminal episode. See *Commonwealth* v. *Keevan*, 400 Mass. 557, 565-566 (1987) (where the victim testified to multiple acts of penetration by the defendant but there was only a single indictment for rape, the Commonwealth was not required to elect which of the alleged acts of sexual intercourse it relied upon to prove the offense of rape); *Commonwealth* v. *Vega*, 36 Mass. App. Ct. 635, 641 (1994) (multiple sexual attacks on victim during a single criminal episode warranted but did not require separate indictments). On the record before us, there is no risk that the defendant was convicted of a crime for which he was not indicted.

2. *Ineffective assistance of counsel.* The defendant argues that his counsel provided ineffective assistance in failing to inform the defendant of his right to have an individual voir dire of prospective jurors because the case involved interracial rape. See *Commonwealth* v. *Sanders*, 383 Mass. 637, 640-641 (1981). The judge rejected the defendant's claim in his affidavit filed with the motion that counsel had failed to inform him of this right. The judge, in his discretion, was free to do so. *Commonwealth* v. *Grant*, 426 Mass. 667, 673 (1998). Instead, the judge credited the trial prosecutor's affidavit in which the prosecutor averred that she had asked defense counsel, in the presence of the defendant, whether he was going to request an individual voir dire and he had indicated he did not intend to do so. As a result of the prosecutor's affidavit, the judge concluded that defense counsel had decided to forgo an individual voir dire as a tactical decision. Even if we were to assume that this decision was manifestly unreasonable, which we do not, see *Commonwealth* v. *White*, 409 Mass. 266, 272-273 (1991), the defendant has not demonstrated that the absence of an individual voir dire weakened his case in some significant way.[3] See *Commonwealth* v. *Otsuki*, 411 Mass. 218, 229 (1991). In light thereof, the judge did not err in denying the motion for a new trial.

*Order denying motion for new trial affirmed.*

---

[3]We are mindful that the jury returned a not guilty verdict on the indictment charging the defendant with an assault and battery by means of a dangerous weapon, suggesting the jurors were impartial, see *Commonwealth* v. *Lumley*, 367 Mass. 213, 223 (1975), and that the evidence of guilt on the aggravated rape charge was very strong.