COMMONWEALTH *vs.* JAMES BLACK.

No. 99-P-33.

Suffolk. January 13, 2000. - November 15, 2000.

Present: ARMSTRONG, C.J., SMITH, & BROWN, JJ.

*Practice, Criminal,* Instructions to jury, Duplicative convictions, Lesser included offense. *Rape. Indecent Assault and Battery.*

At the trial of an indictment for rape, no substantial risk of a miscarriage of justice arose from the judge's failure to give a specific unanimity instruction, in circumstances in which five alleged acts of rape, any one of which could have been the basis of the conviction, occurred in the context of a single criminal episode. [478]

The record of the trial of indictments for rape and indecent assault and battery demonstrated no substantial risk that the jury could have based their guilty verdicts on the same act, in light of the judge's instructions to the jury. [478-479]

Evidence at the trial of an indictment for rape warranted the judge's instructing the jury on the relationship between intoxication and consent. [479]

INDICTMENTS found and returned in the Superior Court Department on April 4, 1996.

The cases were tried before *Herman J. Smith, Jr.,* J.

*Geraldine C. Griffin* for the defendant.

*Brian J.S. Cullen,* Assistant District Attorney, for the Commonwealth.

ARMSTRONG, C.J. The defendant was convicted of one count of rape, one count of indecent assault and battery, and two counts of assault and battery. He argues, as to the rape conviction, that the judge should have given a specific unanimity instruction and, as to the indecent assault and battery conviction, an instruction that it could not be based on the same evidence that supported the rape conviction. The judge should have done so, but such instructions were not requested, and there were no objections. Thus, we examine the trial only to determine if justice may have miscarried due to the omissions. *Commonwealth* v. *Thomas,* 401 Mass. 109, 119 (1987).

1. A spate of recent decisions guides the application of the miscarriage standard where a specific unanimity instruction is omitted. The general rule is that "no substantial risk of a miscarriage of justice exists where 'the evidence satisfies each element of the statute and is sufficient to defeat a motion for a required finding of not guilty.' " *Commonwealth* v. *Grandison*, 432 Mass. 278, 286-287 (2000), quoting from *Commonwealth* v. *Keevan*, 400 Mass. 557, 567 (1987). The problem arose in the present case because there was evidence of five nonconsensual penetrations of the victim, any one of which could have been the basis for the solitary rape conviction. If, as was not the situation here, the several violations had occurred on divers dates or were otherwise clearly separate incidents, and a specific unanimity instruction had been requested and objection saved to its omission, the conviction would be reversed, possibly without application of harmless error analysis. See *Commonwealth* v. *Conefrey*, 420 Mass. 508, 514-516 (1995). Where, however, the point has not been saved, no risk of a miscarriage of justice will be found if the several acts of rape (i.e., the multiple penetrations) transpire in the context of a single criminal episode. See *Commonwealth* v. *Thatch*, 39 Mass. App. Ct. 904, 905 (1995); *Commonwealth* v. *Crowder*, 49 Mass. App. Ct. 720, 721-722 (2000), and cases cited. Indeed, the same result is often reached even when the evidence shows multiple acts of the same nature on divers dates, see, e.g., *Commonwealth* v. *Comtois*, 399 Mass. 668, 675-677 (1987); *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. 170, 172-173 (1986); but because here all the alleged acts of rape occurred in close proximity within the same criminal episode, we need not go beyond the authority of the *Thatch* and *Crowder* cases to conclude that there was no substantial risk of a miscarriage of justice. The latter case also answers the defendant's contention that he may have been convicted of rape for an incident the grand jury did not have in mind.

2. The concern about duplicative convictions arises from the rule that indecent assault and battery is a lesser included offense of rape; that is to say, if all the other elements of rape are present, but the jury doubts penetration, a defendant may be convicted of the lesser offense. See *Commonwealth* v. *Thomas*, 401 Mass. at 119-120. Unless the judge cautions otherwise, there is a theoretical possibility that the jury could base both the rape and indecent assault and battery convictions on the same act. If there is no indication in the record that such a possibility

is insubstantial, the conviction of the lesser included offense will be vacated to avoid the possible miscarriage of justice. See, e.g., *id.* at 120; *Commonwealth* v. *Juzba,* 46 Mass. App. Ct. 319, 325 (1999); *Commonwealth* v. *Petrillo, ante* 104, 110-111 (2000). In *Commonwealth* v. *Mamay,* 407 Mass. 412, 418-419 (1990), reversal was avoided because, although the judge did not give the required charge, the rape and indecent assault and battery charges were based on separate alleged acts, and the prosecutor consistently highlighted the different actions comprising the indecent assault and battery charges in arguing for conviction on those charges.

Here there was also little chance that the jury could have based the convictions on the same acts. First, the judge never instructed the jury on lesser included offenses. To the contrary, after defining the elements of rape, the judge instructed that, if the jury should deem any one of the elements of rape not proved beyond a reasonable doubt, they should find the defendant not guilty as to that incident. As in the *Mamay* case, the acts on which the charge of indecent assault and battery was predicated were separate from the acts of alleged penetration. The defendant had fondled the victim's breasts, according to her story, and had rubbed her vaginal area with his finger. In illustrating the types of acts that could be found to be indecent assault and battery, the judge used examples that paralleled the evidence: fondling of breasts, and reaching between legs. In the circumstances, we think there is no substantial risk that the jury might have based the indecent assault and battery conviction on the same acts that underlay the rape conviction.

3. There was evidence that the victim, who was eighteen years old and weighed ninety-five pounds, had consumed two large glasses of orange juice and vodka, had been smoking marijuana, and felt drunk and high. The judge did not err in instructing on the relationship between intoxication and consent. Compare *Commonwealth* v. *Ascolillo,* 405 Mass. 456, 463-464 (1989); *Commonwealth* v. *Simcock,* 31 Mass. App. Ct. 184, 194-195 (1991).

4. The assault and battery convictions are not before us for the reason stated in *Commonwealth* v. *Delgado,* 367 Mass. 432, 438 (1975).

*Judgments affirmed.*