Following a jury trial, the defendant was convicted of violation of an abuse prevention order, G.L.c. 209A, § 7, assault and battery on a family or household member, G.L.c. 265, § 13M(a ), and witness intimidation, G.L.c. 268, § 13B. On appeal, he argues that (1) with respect to the assault and battery charge, he may have been convicted of a crime for which he was not indicted; (2) with respect to the witness intimidation charge, the jury may have convicted him of intimidating the wrong witness, and he may have been convicted of uncharged conduct; and (3) the trial judge erred in allowing the Commonwealth to obtain recordings of the defendant's telephone calls from jail. We affirm.
1. Background. The defendant was indicted for multiple crimes against his wife (victim). Relevant to this appeal, two of the indictments (counts 9 and 10) each charged the defendant with assault and battery of the victim on the same date.[2] The defense neither moved to dismiss the indictments nor sought a bill of particulars.
At the end of the first day of trial, the judge requested that the Commonwealth provide an outline of "the corresponding conduct and dates that line[ ] up with each [of the twelve indictments] just for purposes of the anticipated required finding, just to make sure the Commonwealth hits all the elements for each one." In response, the Commonwealth submitted a "List of Indictments and Corresponding Conduct" (list). The list set forth that count 9 charged the defendant with "punch[ing]" the victim on August 24, 2014, while count 10 charged the defendant with "push[ing]" the victim on that same date.
The victim testified that, on August 24, 2014, an argument erupted in the couple's bedroom over messages the defendant saw on her cellular telephone, after which he "smack[ed]" or slapped her on the face. The argument continued downstairs in the kitchen, where he put his hands on her shoulders, shook her, and told her to get out of the house. He then hit the victim, pushed her onto the floor, and kicked her stomach. The defendant then gathered some of the victim's belongings and threw them outside. The defendant also began to push her out of the house, pulling her as she clung to the door frame. Eventually, he dislodged her, and she rolled down the front steps and hurt her back. Apparently referencing this attack, the defendant later sent a text message to the victim stating, "Then I kick you away in front of Dejon [Rice] and you do it again the next day."
At the close of trial, the judge gave the jury a specific unanimity instruction. The verdict slips for counts 9 and 10 were identical and contained no reference to the specific type of blows specified in the list, nor did the judge otherwise inform the jury which acts were associated with each indictment. The defendant did not object to either the jury instructions or the verdict slips and did not ask that the list be provided to the jury. The jury acquitted the defendant on count 9, but found the defendant guilty on count 10.
2. Discussion. a. Assault and battery on a family or household member. The defendant argues that his conviction on count 10 must be reversed because the list was a bill of particulars that limited the indictments such that only the act of pushing the victim could form the basis for his conviction on count 10. Because the evidence at trial included multiple unlawful touchings of the victim, the defendant argues that there is a "substantial risk" that he was convicted on conduct that was not charged. Commonwealth v. Barbosa, 421 Mass. 547, 554 (1995) ("Where there is a substantial risk that the defendant was convicted of a crime for which he was not indicted by a grand jury, we cannot apply a harmless error standard"). Assuming that the defendant did not waive this argument by failing to file a motion to dismiss the indictments, no such substantial risk is presented on the record before us. Compare id. at 553-554.
The defendant's argument confuses two distinct principles-the purpose and effect of a bill of particulars to give a defendant reasonable notice of the crime charged sufficient to prepare his defense, on the one hand, and the right under art. 12 of the Massachusetts Declaration of Rights not to be convicted of a crime punishable by a term in State prison without first being indicted for that crime by a grand jury, on the other. Assuming, without deciding, that the list was a bill of particulars,[3] it did not limit the indictment for purposes of determining whether there is a substantial risk that the defendant was convicted of conduct not indicted by the grand jury.
The purpose of a bill of particulars is to provide a defendant with notice sufficient to prepare his defense. Here, the defendant had sufficient notice of the charges against him to prepare his defense. Commonwealth v. Pillai, 445 Mass. 175, 188 (2005), quoting from Commonwealth v. Amirault, 404 Mass. 221, 234 (1989) ("Even when the bill of particulars and the evidence at trial contrast as to an element or theory of the crime charged, relief is warranted only on a showing that the bill of particulars failed to provide the defendant with 'notice to prepare his defense"'). See Commonwealth v. Tavares, 385 Mass. 140, 157 (1982). The indictments put the defendant on notice that he was being charged with having struck the victim at least two times on August 24. At trial, the testimony showed that the victim was "smacked," slapped, punched, shaken, pulled, and kicked during one continuing assault in the home. The defendant does not claim that the failure to specify each of these individual blows on the list adversely affected his defense at trial. Nor could he. His defense was that the entire episode never happened, not that he did not punch or push the victim as set forth in the list. The list had no bearing on the defense. Indeed, the trial judge did not ask for the list until the end of the first trial day, after the defendant's opening statement, in which he detailed his defense. On this record, the defendant was not prejudiced in his defense by the list.
We next consider whether there is a substantial risk that the defendant was convicted of uncharged conduct. See Barbosa, supra. To do so, we look to the count 10 indictment itself, which sets forth that on or about August 24, 2014, the defendant "did assault and beat" the victim. Because the August 24 beating was one continuous criminal episode involving multiple blows to the victim, the Commonwealth was free to charge it as one crime, or, as it did here, as multiple crimes. Commonwealth v. Vega, 36 Mass. App. Ct. 635, 641 (1994). See Commonwealth v. Crowder, 49 Mass. App. Ct. 720, 721 (2000) (upholding rape conviction on one indictment even though grand jury and petit jury heard evidence of four separate acts of forcible penetration). The indictment was valid;[4] and, while the choice to indict on two crimes (counts 9 and 10) required the Commonwealth to prove at least two distinct blows, neither indictment limited the Commonwealth to a particular type of blow. Where, as here, "a crime can be committed in any one of several ways ... [t]hen the defendant should be convicted if it is proved that he committed the crime in any of those ways." Commonwealth v. Judge, 420 Mass. 433, 444 (1995) (quotation omitted). Significantly, the trial judge gave a proper specific unanimity instruction, explaining to the jury that they must all agree on "which specific act constitutes the offense charged." Commonwealth v. Keevan, 400 Mass. 557, 566-567 (1987).
The defendant asserts that the danger that he was convicted of uncharged conduct is heightened because testimony that the defendant kicked the victim during the August 24 beating was not presented to the grand jury, but only at trial. The defendant has not provided a record sufficient (e.g., the grand jury minutes) to determine whether the defendant's assertion is correct. See Mass.R.A.P. 8, as amended, 430 Mass. 1601 (1999); Commonwealth v. Woods, 419 Mass. 366, 371 (1995) ("The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate"); Commonwealth v. Woody, 429 Mass. 95, 97 (1999). Even assuming that the grand jury did not hear evidence of the kick, nothing prevented the presentation of that evidence at trial. There need not be "an exact match between the evidence presented at trial and that presented to the grand jury." Commonwealth v. Clayton, 63 Mass. App. Ct. 608, 612 (2005). See Commonwealth v. Berry, 63 Mass. App. Ct. 910, 912, (2005). On this record, there is no substantial risk that the defendant was convicted of uncharged conduct.[5]
b. Witness intimidation. The defendant next argues that the witness intimidation conviction should be reversed. First, he speculates that the jury may have thought the intimidation was of Rice, who was also a witness, rather than the victim. The jury were repeatedly and unambiguously informed that the victim was the subject of the intimidation charge, including by the judge at the opening of the trial, by the prosecutor in her opening statement, throughout the production of evidence at the trial, and by both parties in their closing arguments.
To be sure, there was also evidence of the defendant's consciousness of guilt as demonstrated by the defendant's attempt to coach his friend, Rice, as to how to testify regarding, inter alia, the August 24, 2014, attack by the defendant on the victim. However, on this record, we see no risk that the jury were confused as to the fact that it was the victim, and not Rice, who was the object of the witness intimidation count.
Second, the defendant argues that, even though the indictment alleged a violation of G.L.c. 268, § 13B(1), the list limited the Commonwealth to proving witness intimidation on the basis of indirect intimidation or harassment (under G.L.c. 268, § 13B [1][c ] ) rather than attempted emotional injury (under G.L.c. 268, § 13B [1][a ] ).[6] He argues that because the evidence was not limited to the former, there is a substantial risk that he was convicted of uncharged conduct. As discussed supra, the list did not have the limiting effect posited by the defendant.
c. Jail telephone calls. Contrary to the defendant's argument, nothing in Commonwealth v. Odgren, 455 Mass. 171 (2009), precluded the Commonwealth from obtaining the recordings of defendant's jail house telephone calls. See G.L.c. 277, § 68. As such, the judge properly allowed the Commonwealth's motion to obtain these recordings.
Judgments affirmed.

The defendant was acquitted on all charges except one count of assault and battery (count 10), one count of witness intimidation (count 5), and one count of violation of the abuse prevention order (count 7). The defendant makes no argument on appeal regarding his conviction of violation of the abuse prevention order.

The production of a bill of particulars is governed by Mass.R.Crim.P. 13(b)(1), as appearing in 442 Mass. 1516 (2004). Its purpose is "to give both the defendant and the court reasonable notice of the crime charged, including time, place, manner, or means." Ibid. Here, the trial judge requested the list as a useful aid (akin to a demonstrative chalk) in anticipation of a motion for a required finding-a purpose different from the notice function set forth in rule 13(b)(1).

The defendant argues that the indictment on count 10 was invalid because "[s]imply tracking the language of the statute is not sufficient." "An indictment conforming with the statutory form is sufficient." Commonwealth v. Mayotte, 475 Mass. 254, 264 (2016) (quotation omitted). See G.L.c. 277, § 79. Further, two identically worded indictments, each following the statutory form, are permissible. Commonwealth v. Hrycenko, 417 Mass. 309, 313 (1994). Accordingly, the indictment on count 10, which followed the statutory form for assault and battery on a family or household member, was not invalid simply because count 9 was identically worded.

Given this conclusion, we need not address the defendant's argument that double jeopardy principles prohibit retrial on count 10.

The list set forth that, with regard to count 5, the defendant "misle[d], intimidated or harassed" the victim "by enlisting a friend, Dejon Rice, to deliver messages to" her.