Following a jury trial, the defendant, Julio A. Garay, was convicted of indecent assault and battery on a child under the age of fourteen, pursuant to G. L. c. 265, § 13B. He was sentenced to two and one-half years in the house of correction, with two years to be served and the balance suspended for five years. On appeal,[2] he argues that he should have been allowed to introduce evidence that the victim's brother had recanted an allegation of sexual abuse by the defendant. He also argues that his trial counsel provided ineffective assistance and that the motion judge, who also was the trial judge, should have held an evidentiary hearing on the motion for new trial. We affirm.
1. Background. We briefly summarize the relevant facts. The defendant's stepdaughter (victim) testified that, while she was alone with the defendant in the victim's mother's bedroom, the defendant put his hands down the victim's pants and touched the outside of her vagina. The victim, who was fifteen years old at the time of the trial, was approximately twelve at the time of the incident. The defendant told the victim not to tell her mother. Two years later, she reported the abuse to her mother, after the mother and the defendant had separated.
The defense at trial was that the mother had colluded with the victim to falsify the allegation of sexual assault as part of a revenge plot against the defendant for his infidelity and his refusal to reunify with the mother. The defendant testified that both the victim and the mother had pleaded with him to return. Susan Perez, a friend of the defendant, testified that the mother had telephoned her multiple times, reportedly jealous because the defendant had left her for another woman. During these telephone calls, the mother told Perez that the defendant "had touched the kid." Perez testified that the victim also telephoned her, stating her desire that the defendant return home.
2. Discussion. a. Brother's prior allegations of sexual assault. On appeal, the defendant argues that he was denied his right to present his defense because the judge did not allow the defendant to introduce evidence that the victim's brother had recanted an allegation of sexual assault by the defendant. The defendant argues that this testimony was admissible under Commonwealth v. Bohannon, 376 Mass. 90 (1978). The brother's testimony is not admissible under Bohannon,[3] which held that a witness's prior false accusation of rape is admissible if the defendant shows that "the witness was the victim in the case on trial, her consent was the central issue, she was the only Commonwealth witness on that issue, her testimony was inconsistent and confused, and there was a basis in independent third-party records for concluding that the prior accusations of the same type of crime had been made and were false." Commonwealth v. Talbot, 444 Mass. 586, 590-591 (2005), quoting from Commonwealth v. Sperrazza, 379 Mass. 166, 169 (1979). Here, the brother's prior allegation is not a report of the victim. See Commonwealth v. LeVelle, 414 Mass. 146, 152 (1993) (nonvictim's prior false allegations not admissible under Bohannon ). Furthermore, the victim's testimony in the case was not inconsistent or confused. Contrast Bohannon, supra at 95.
b. Ineffective assistance. The defendant next argues that the judge abused his discretion in denying the defendant's motion for a new trial because trial counsel was ineffective in failing to seek to introduce (i) records of telephone calls between a telephone number associated with the mother and Perez's telephone numbers, and (ii) a Department of Children and Families (department) report finding insufficient support for an allegation that the mother's stepfather sexually abused the victim when she was three years old. We evaluate a claim of ineffective assistance under the familiar two-part test: (1) whether the defendant has demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian , 366 Mass. 89, 96 (1974). Where, as here, the motion does not include an affidavit of trial counsel, the claim of ineffective assistance of counsel is in its "weakest form ... because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).
With regard to the telephone records, the defendant has not shown that trial counsel's conduct fell below that of the ordinary fallible lawyer. The telephone records show only that calls were made or received. They neither identify the caller nor the content of the communications.[4] The records also do not blunt the impact of Perez's testimony that, during the calls, the mother told her that the defendant had touched the victim. In the absence of an affidavit from trial counsel, we cannot fault him for choosing to not belabor Perez's time on the witness stand by introducing the records. See Commonwealth v. Carter, 475 Mass. 512, 520 (2016).
With regard to the report that the mother's stepfather abused the victim, the defendant has not shown that the report was false. The fact that the department could not support the report is insufficient under Bohannon. See, e.g., Commonwealth v. Hrycenko, 417 Mass. 309, 319 (1994). Moreover, as set forth supra, the victim's testimony regarding the defendant's sexual assault was not confused or inconsistent. Contrast Bohannon, 376 Mass. at 91. In these circumstances, the judge did not abuse his discretion in denying the defendant's motion for new trial.[5]
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant appeals from both the judgment and the order denying his motion for new trial.

Because we conclude that the testimony was not admissible under Bohannon, we need not address whether trial counsel preserved any claim of error with regard to its exclusion.

For this reason, the defendant's argument that the records would have bolstered Perez's testimony that the victim and the mother telephoned Perez lacks merit.

Because the defendant's new trial motion does not raise a substantial issue, the judge did not abuse his discretion in declining to hold an evidentiary hearing. See Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).