COMMONWEALTH *vs.* JEFFSON CHARLES. October 26, 2012. *Firearms. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy.

After a jury trial in the Superior Court, Jeffson Charles was convicted of unlawful possession of a firearm and unlawful possession of a loaded firearm. The jury acquitted him of a further charge of unlawful possession of ammunition. In addition, he was convicted after a jury-waived trial of violating the armed career criminal statute. The only ammunition in evidence was that which was loaded in the firearm. The Appeals Court reversed the convictions on the ground that certificates of ballistics analysis were admitted in violation of Charles's constitutional right to confront witnesses against him. *Commonwealth* v. *Charles*, 81 Mass. App. Ct. 901, 902 (2012). The Appeals Court also directed the entry of judgment for Charles on the loaded firearm charge, on the ground that, where he had been acquitted of possessing the ammunition that was loaded into the firearm, retrial on that charge would violate the protections against double jeopardy and principles of issue preclusion. *Id.* at 902-903. We granted the Commonwealth's application for further appellate review, limited to the issue whether Charles's acquittal on the ammunition charge precludes retrial on the loaded firearm charge. We conclude that it does not.

In *Commonwealth* v. *Johnson*, 461 Mass. 44, 53 (2011), we held that unlawful possession of ammunition is a lesser included offense of unlawful possession of a loaded firearm where the only ammunition possessed by the defendant was that found loaded in the firearm. Therefore, the convictions in that case of both offenses were duplicative, the defendant's sentences violated double jeopardy principles, and the conviction and sentence on the lesser included offense of unlawful possession of ammunition were vacated. *Id.* at 54. In this case, in contrast, the jury returned factually inconsistent verdicts: guilty of possessing a loaded firearm, but not guilty of possessing ammunition. "[I]n cases tried before a jury, 'mere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous even though such

inconsistency may have indicated the possibility of compromise on the part of the jury.' " *Commonwealth* v. *Gonzalez*, 452 Mass. 142, 150-151 (2008), quoting *Commonwealth* v. *Scott*, 355 Mass. 471, 475 (1969). The verdict acquitting Charles of possession of ammunition did not preclude the verdict convicting him of possession of a loaded firearm. Stated another way, had the conviction not been reversed on an unrelated ground, it would have stood; the Appeals Court would not have been obligated to reverse the conviction simply due to the factually inconsistent acquittal of the lesser included offense. See, e.g., *Commonwealth* v. *Hamilton*, 411 Mass. 313, 324 (1991). Moreover, it is not accurate to say that the jury determined that Charles did not possess the ammunition that the Commonwealth sought to prove the pistol contained. On the contrary, the jury found beyond a reasonable doubt that Charles *did* possess the pistol containing the ammunition. That they acquitted him of possession of ammunition (which they might have assumed the power to do for "any number of factors having nothing to do with the defendant's actual guilt," including prejudice or compassion, *id.*, quoting *Commonwealth* v. *Cerveny*, 387 Mass. 280, 285 [1982]) does not dictate the entry of judgment for him on the charge of possession of a loaded firearm. Charles may be retried on that charge.

The judgments on the simple firearm possession charge and the armed career criminal charge were reversed by the Appeals Court and are not the subject of our further appellate review here. Those charges shall proceed to retrial in the Superior Court in accordance with the Appeals Court's opinion. As to the charge of possession of a loaded firearm, the judgment is reversed for reasons stated in the Appeals Court's opinion and, in accordance with today's opinion of this court, that charge shall also be remanded for a new trial.

*So ordered.*

*Stephen C. Hoctor*, Assistant District Attorney, for the Commonwealth.
*Charles Allan Hope* for the defendant.