NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-1139                                    Appeals Court

COMMONWEALTH  vs.  DAMONTE DANCY.

No. 15-P-1139.

Suffolk.    October 21, 2016. - November 29, 2016.

Present: Cypher, Kinder, & Lemire, JJ.


Firearms.



Complaint received and sworn to in the Dorchester Division of the Boston Municipal Court Department on September 5, 2012.

After transfer to the Central Division of the Boston Municipal Court Department, the case was tried before Michael J. Coyne, J.


Mehmet Baysan for the defendant.
Priscilla A. Guerrero (Helle Sachse, Assistant District Attorney, with her) for the Commonwealth.


LEMIRE, J.  Following a jury trial in the Boston Municipal Court, the defendant, Damonte Dancy, was convicted of possession of a loaded firearm without a license, G. L. c. 269, § 10(n). On appeal, the defendant challenges the sufficiency of the evidence, the denial of his motion to suppress photographs

seized from his cellular telephone, and certain evidentiary rulings at trial. He also claims that his conviction was unlawful because he was acquitted of possession of a firearm without a license under G. L. c. 269, § 10(a), the predicate offense for conviction under G. L. c. 269, § 10(n).[1] Because we agree that the conviction was unlawful, we reverse without reaching the defendant's other claims of error.

Background. We summarize the facts the jury could have found. On the morning of August 25, 2012, the defendant was among a large group of people attending a festival in Dorchester. An unknown passerby stopped a Boston police officer, stated that "a man had a gun," and pointed to a small group of black males, which included the defendant, walking down the street away from the parade. Officers then began to follow and surveil that group. At one point, when the defendant was near a parked vehicle, one of the officers, who was on the opposite side of the street, observed the defendant, who was walking at a fast pace, "[s]low[] down a little bit" next to the vehicle, and heard a noise that, based on his experience, was consistent with a gun hitting the pavement. The two other males from the group were about ten to fifteen feet away from the

---

[1] The defendant was also charged with and acquitted of possession of ammunition without a firearm identification card under G. L. c. 269, § 10(h)(1).

defendant at that time.  After stopping the group to ask questions, the police canvassed the immediate area.  A loaded firearm was recovered from beneath the parked vehicle, and the defendant was arrested.

The defendant was charged with possession of a firearm without a license, G. L. c. 269, § 10(a), possession of ammunition without a firearm identification card, G. L. c. 269, § 10(h)(1), and possession of a loaded firearm without a license, G. L. c. 269, § 10(n).  He was acquitted of the § 10(a) and § 10(h)(1) charges and convicted of the § 10(n) charge.

Discussion.  The defendant contends that because he was acquitted of possession of a firearm under § 10(a), he cannot be convicted of possession of a loaded firearm under § 10(n), because § 10(n) is simply a sentencing enhancement provision that requires a conviction under either § 10(a) or § 10(c) as a predicate.[2]  The Supreme Judicial court addressed a similar issue in Commonwealth v. Loadholt, 456 Mass. 411 (2010), S.C., 460 Mass. 723 (2011).  There, the defendant was convicted under G. L. c. 269, § 10(n); however, due to an oversight by the Commonwealth, he was never charged with either predicate offense, G. L. c. 269, § 10(a) or (c).  Id. at 423-424.  The

---

[2] The defendant was not charged with G. L. c. 269, § 10(c) (possession of a machine gun or sawed-off shotgun), and there is nothing in the record to show a violation of that statute.

Supreme Judicial Court ordered that the defendant's conviction under § 10(n) be vacated because "in order properly to convict the defendant under § 10(n), he first must be charged pursuant to § 10(a) or (c)." Ibid.

Here, the defendant was charged under G. L. c. 269, § 10(a); however, he was acquitted of that crime. The Commonwealth contends that Loadholt stands for the limited proposition that a conviction under § 10(n) only requires that the defendant be charged with a predicate offense, § 10(a) or (c), but that conviction of a predicate offense is not necessary. In cases involving statutory construction, we start "with the language of the statute itself and 'presume, as we must, that the Legislature intended what the words of the statute say.'" Commonwealth v. Williamson, 462 Mass. 676, 679 (2012), quoting from Commonwealth vs. Young, 453 Mass. 707, 713 (2009). "The statutory language, when clear and unambiguous, must be given its ordinary meaning." Bronstein v. Prudential Ins. Co. of Am., 390 Mass. 701, 704 (1984).

General Laws c. 269, § 10(n), inserted by St. 2006, c. 48, § 7, states as follows:

> "Whoever violates paragraph (a) or paragraph (c),[3] by means of a loaded firearm, loaded sawed off shotgun or loaded machine gun shall be further punished by imprisonment in the house of correction for not more than 2

---

[3] "[P]aragraph (a) or paragraph (c)" refers to G. L. c. 269, § 10(a), and G. L. c. 269, § 10(c), respectively.

      1/2 years, which sentence shall begin from and after the expiration of the sentence for the violation of paragraph (a) or paragraph (c)."

We interpret the plain language of this section to require a finding that § 10(a) or § 10(c) has been violated before the penalty enhancement provision in § 10(n) can apply.  This interpretation is supported by the clear language of the statute that provides that "[w]hoever violates paragraph (a) or paragraph (c), by means of a loaded firearm . . . shall be further punished" and the sentence must begin after the "expiration of the sentence for the violation of paragraph (a)" (emphasis supplied).  Further punishment, of course, can only occur if there is punishment in the first instance.  Absent a conviction for violating § 10(a) or § 10(c), there would be no punishment to enhance.

It is well established that "mere inconsistency in verdicts, one of which is an acquittal, will not render the verdict of guilty erroneous even though such inconsistency may have indicated the possibility of compromise on the part of the jury."  Commonwealth v. Charles, 463 Mass. 1008, 1008-1009 (2012), quoting from Commonwealth v. Gonzalez, 452 Mass. 142, 150-151 (2008) (that defendant acquitted of possession of ammunition under G. L. c. 269, § 10[h][1], did not dictate entry of judgment for defendant on possession of loaded firearm under § 10[n], where only ammunition found was inside of loaded

firearm and defendant also was convicted of possession of firearm under § 10[a]).  But here, there was more than mere inconsistency.  The defendant was acquitted of the offense that was the predicate for liability under the penalty enhancement section.  In these circumstances, the defendant's conviction under G. L. c. 269, § 10(n), cannot stand.

The judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant.

So ordered.