FOREMAN, COMMONWEALTH vs., 101 Mass. App. Ct. 398

 
 COMMONWEALTH vs. WAYNE FOREMAN.

101 Mass. App. Ct. 398
 January 6, 2022 - July 20, 2022

Court Below: Superior Court, Middlesex County
Present: Neyman, Ditkoff, & Hand, JJ.

 

No. 20-P-1343.

Rape. Indecent Assault and Battery. Obscenity, Dissemination of matter harmful to minor. Minor. Parent and Child, Discipline. Evidence, Prior misconduct. Practice, Criminal, Instructions to jury, Argument by counsel, Severance, Duplicative convictions, Affirmative defense.

At the trial of indictments charging, inter alia, rape of a child and indecent assault and battery on a child, arising from the defendant's acts of repeated abuse of his daughter and niece, the judge acted within her discretion in admitting evidence of prior bad acts by the defendant during the time the abuse took place (i.e., the defendant punished his children up to ten times per week when he felt that they were disrespectful, disobedient, or underperforming in school, including spanking, striking with a belt, and forcing the children to sleep on the floor, stand on their toes, or hold a heavy book up without allowing it to drop, and sometimes requiring them to sit in a chair during any free time for anywhere from a week to three months), where the challenged evidence was relevant to show a full picture of the entire relationship with the victims, which in turn was relevant to proving the element of force, i.e., that the victims dared not disobey the defendant, thus establishing constructive force for the sexual assaults [401-403]; and where the probative value of the evidence outweighed any unfair prejudice, given that the judge mitigated the prejudicial effect through a specific limiting instruction [403]; further, the judge acted within her discretion in declining to give a jury instruction requested by the defendant on when the use of corporal punishment is noncriminal, where, although the law provides that in certain circumstances a parent may use corporal punishment to discipline a child without such acts being criminal, and the judge in her discretion could have given an instruction to that effect, the question whether the defendant's conduct in disciplining his children was criminal or noncriminal lacked relevance in the case, as the defendant was not being charged for this conduct [403-405]; finally, the trial judge acted within her discretion in prohibiting counsel from suggesting, without a basis in the evidence, that the defendant's spouse was guided in the use of corporal punishment by her religious beliefs and, specifically, by a particular passage in the Bible [405-407].

A Superior Court judge acted within her discretion in joining for trial indictments charging, inter alia, rape of a child and indecent assault and battery on a child, arising from the defendant's acts of repeated abuse of his daughter and niece, where the offenses were related, given the same gender and nearly 

 Page 399 

the same ages of the victims at the time the offenses took place, and given that the high degree of similarity between the offenses was sufficient to show a common course of conduct by the defendant so as to be logically probative (in each instance, the evidence showed a common scheme of isolating the victims, removing their clothing, touching them inappropriately, and trying to persuade them that his conduct was normal); and where, accordingly, testimony or evidence concerning each victim could have been admissible in a severed trial on the offense involving the other victim because the offenses were sufficiently related in time, place, and form. [407-409]

A criminal defendant's convictions of rape of a child with force, in violation of G. L. c. 265, § 22A, were not duplicative of his convictions of rape of a child aggravated by age difference, in violation of G. L. c. 265, § 23A, where both were freestanding crimes such that each required proof of an element that the other did not. [409-411]

This court reversed a criminal defendant's conviction of dissemination of matter harmful to minors, in violation of G. L. c. 272, § 28, but allowed the charge to be retried if the Commonwealth so chose, where, although the defendant failed to raise the issue either at trial or on appeal, the Commonwealth established at trial that the minor to whom harmful matter was disseminated was the defendant's daughter, living with the defendant at the time of the dissemination, and accordingly it appeared that the defendant was exempt from criminal liability under the statute. [411-412]

Indictments found and returned in the Superior Court Department on June 25, 2015.

 The cases were tried before Hélène Kazanjian, J.

 Alan D. Campbell for the defendant.

 Konstantin Tretyakov, Assistant District Attorney, for the Commonwealth.

 DITKOFF, J. The defendant, Wayne Foreman, appeals from his convictions, after a Superior Court jury trial, of four counts of rape of a child with force, G. L. c. 265, § 22A; four counts of rape of a child aggravated by a ten-year age difference, G. L. c. 265, § 23A; one count of rape, G. L. c. 265, § 22 (b); three counts of indecent assault and battery on a child, G. L. c. 265, § 13B; [Note 1] two counts of indecent assault and battery, G. L. c. 265, § 13H; [Note 2] and one count of dissemination of matter harmful to minors, G. L. c. 272, § 28, all arising from acts of repeated abuse of his daughter and niece. We conclude that the judge acted within her discretion in admitting testimony regarding the defendant's use of 

 Page 400 

corporal punishment as evidence of constructive force, in declining to give an instruction on when the use of corporal punishment is noncriminal, and in prohibiting defense counsel from suggesting without a basis in the evidence that the use of corporal punishment derived from the defendant's wife's religious beliefs. Further concluding that the charges relating to the daughter and the niece were properly joined for trial and that convictions of forcible rape of a child and aggravated rape of a child are not duplicative, we affirm all of the convictions except for the count for dissemination of matter harmful to minors. Because a parent in a parental relationship is exempt from the criminal prohibition against disseminating matter harmful to minors to the parent's own children, we reverse the dissemination conviction.

 1. Background. a. The daughter. The defendant sexually abused his daughter one to two times per week from when the daughter was five years old to when the daughter was sixteen years old.

 The defendant first abused his daughter when she was five years old. The defendant put her on his desk, removed her underwear, and digitally raped her. He was playing a pornographic video on his computer at the time. The defendant told his daughter not to tell anyone about this incident.

 When his daughter was six or seven years old, the defendant began forcing the daughter to fellate him and to touch his penis. When the daughter was eight or nine years old, the defendant began putting his mouth on her vulva, rubbing his penis against her vulva and legs, and touching her buttocks. He also digitally raped her. The defendant frequently played pornographic videos during the abuse.

 b. The niece. The defendant's niece began living in the defendant's house when she was thirteen years old. When the niece was fifteen years old, the defendant brought her into his bedroom to "talk." As the niece was lying on the defendant's bed, the defendant began touching the ring on her finger. When she expressed discomfort, the defendant told her that "he didn't do anything wrong because" "everyone has different boundaries" and "[her] boundaries are different from his."

 When the niece was sixteen years old, the defendant brought her into his bedroom and told her to remove her shirt so that he could inspect a rash on her body. After the niece removed her shirt, the defendant put lotion on her chest and touched her breasts.

 Page 401 

 A few months later, the defendant again brought the niece into his bedroom. The defendant told the niece to remove her shirt so that he could inspect what he claimed were hickeys. She removed her shirt, putting it back on shortly afterwards when the defendant's wife entered the room. On one occasion while the niece was living in the defendant's home, the defendant showed her pornographic photographs on his cell phone.

 c. Disclosure of crimes. These crimes came to light once the daughter entered college and disclosed the abuse to her boyfriend. The Commonwealth brought charges for four different kinds of penetration (penis in genital opening, digital, tongue in genital opening, and penis in mouth), both for forcible child rape and for aggravated child rape. The Commonwealth also brought one charge for rape for the defendant's actions after the daughter turned sixteen years old. The Commonwealth similarly brought charges for indecent assault and battery on a child based on four different kinds of actions (hand on buttocks, penis on thighs, hand on penis, hand on genital area), and three charges for indecent assault and battery once the daughter turned fourteen years old (hand on buttocks, hand on penis, hand on genital area). A charge for dissemination of material harmful to a minor was based on exposing the daughter to pornography, and one count of indecent assault and battery charged the touching of the niece's breasts. A required finding of not guilty entered on one count of indecent assault and battery (hand on genital area). After a jury trial, the defendant was acquitted of one count of indecent assault and battery on a child and one count of indecent assault and battery (both hand on buttocks), and convicted of the remaining charges. This appeal followed.

 2. Prior bad acts. "Evidence of prior bad acts is generally inadmissible to show a defendant's propensity to commit a crime." Commonwealth v. Don, 483 Mass. 697, 713 (2019). Nonetheless, "[s]uch evidence may be admitted 'to show a common scheme or course of conduct, a pattern of operation, absence of accident or mistake, intent, or motive.'" Commonwealth v. Beaulieu, 90 Mass. App. Ct. 773, 780 (2016), quoting Commonwealth v. Julien, 59 Mass. App. Ct. 679, 686 (2003). "[E]ven if the evidence is relevant to one of these other purposes, the evidence will not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant." Commonwealth v. Bryant, 482 Mass. 731, 734-735 (2019). "These matters are 'entrusted to the trial judge's broad discretion and are not disturbed absent palpable error.'" 

 Page 402 

Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71 (2018), quoting Commonwealth v. Keown, 478 Mass. 232, 242 (2017), cert. denied, 138 S. Ct. 1038 (2018).

 Here, the Commonwealth offered evidence that, during the time that the defendant was abusing the victims, the defendant punished the daughter and her three siblings up to ten times per week when he felt that they were disrespectful, disobedient, or underperforming in school. Punishment included spanking, striking with a belt, and forcing the children to sleep on the floor, stand on their toes, or hold a heavy book up without allowing it to drop. Sometimes, the defendant would require a child to sit in a chair during any free time for anywhere from a week to three months. This evidence was admitted to show that the victims dared not disobey the defendant, thus establishing constructive force for the sexual assaults. [Note 3]

 The judge acted within her discretion in admitting this evidence. The challenged "evidence was relevant to show . . . a full picture of the entire relationship with the victim, which in turn was relevant to proving the element of force." Commonwealth v. Newcomb, 80 Mass. App. Ct. 519, 526-527 (2011) (evidence of earlier criminal offense involving same victim was properly admitted as prior bad act evidence). See Commonwealth v. Moniz, 87 Mass. App. Ct. 532, 535 (2015), quoting Newcomb, supra at 521 ("Constructive force may be shown by 'proof that the victim was afraid or that she submitted to the defendant because his conduct intimidated her'"). Without evidence of the corporal punishment that the defendant routinely inflicted, the daughter's testimony that she "[c]ompletely obey[ed]" what the defendant told her to do "would make little sense." Childs, 94 Mass. App. Ct. at 72. "Once the jury had knowledge that the victim alleged this was part of an ongoing, continuous abusive relationship" involving frequent and often severe [Note 4] punishment, "the victim's actions and reactions make logical sense." Id. The judge, therefore, properly found that testimony about the defendant's prior 

 Page 403 

acts showed "the historical and contextual relationship between the victim and the defendant" and was probative of constructive force. Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008).

 We also discern no abuse of discretion in the judge's finding that the probative value of the evidence outweighed any unfair prejudice. See Commonwealth v. Moore, 480 Mass. 799, 809 n.9 (2018). "Evidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013), quoting Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980).

 Here, "the judge mitigated the prejudicial effect through [a specific] limiting instruction[]," Commonwealth v. Peno, 485 Mass. 378, 386 (2020), given during the daughter's testimony. In addition, "[t]he trial judge reiterated the limiting instruction in [her] final charge to the jury and emphasized that the jury could not consider the evidence for the purpose of showing propensity." Commonwealth v. Robertson, 88 Mass. App. Ct. 52, 58 (2015). "We presume that the jury followed the judge's instructions." Commonwealth v. Henley, 488 Mass. 95, 125 (2021). Furthermore, evidence of the corporal punishment that the defendant inflicted was not so like the sexual abuse "that the jury would have inferred from this evidence a propensity to commit [the crimes charged]," all of which involved the performance of a sexual act or the depiction of sexual content. Peno, supra at 389-390 (evidence of defendant's prenatal drug and alcohol use was dissimilar to fatal beating and thus probative value outweighed unfair prejudice). Contrast Commonwealth v. Crayton, 470 Mass. 228, 251 (2014) (drawings of nude or partially nude young girls were similar to possession of child pornography and thus unfair prejudice outweighed probative value). Finally, the jury acquitted the defendant of two offenses, "demonstrat[ing] a careful consideration of the evidence." Commonwealth v. Dorazio, 472 Mass. 535, 543 (2015). The judge acted within her discretion in admitting evidence of the defendant's other bad acts.

 3. Denial of parental discipline instruction. "[T]he judge has broad discretion in instructing on the law of the case." Commonwealth v. Szewczyk, 89 Mass. App. Ct. 711, 715-716 (2016). Here, the defendant requested an instruction stating that "the Massachusetts Supreme Judicial Court recently has ruled [that] . . . [a] parent is entitled to discipline his or her child in 

 Page 404 

disciplinary circumstances, provided such force is reasonable and conducted for the purpose of enforcing discipline" and does not "place the subject child at undue risk of substantial injury." 

 This is not an accurate reflection of the rule articulated in Commonwealth v. Dorvil, 472 Mass. 1 (2015). The Supreme Judicial Court there "h[e]ld that a parent or guardian may not be subjected to criminal liability for the use of force against a minor child under the care and supervision of the parent or guardian, provided that (1) the force used against the minor child is reasonable; (2) the force is reasonably related to the purpose of safeguarding or promoting the welfare of the minor . . . ; and (3) the force used neither causes, nor creates a substantial risk of causing, physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress." Id. at 12. Accord Commonwealth v. Lark, 89 Mass. App. Ct. 905, 907 (2016). The mere fact, however, that an act is not criminal does not mean that it is approved of or that parents or guardians have a right or entitlement to do it. Indeed, the Supreme Judicial Court shortly thereafter approved a policy of the Department of Children and Families of not placing foster children in a home where the foster parents use corporal punishment on their own children. See Magazu v. Department of Children & Families, 473 Mass. 430, 440-441 (2016).

 The law does provide that in certain circumstances a parent may use corporal punishment to discipline a child without such acts being criminal, and in her discretion, the judge could have given an instruction to that effect. See Massachusetts Superior Court Criminal Practice Jury Instructions § 5.13 (Mass. Cont. Legal Educ. 2018). Whether the defendant's conduct in "disciplining" his children was criminal or noncriminal, however, did not "bear[] on a material issue" in the case, 468 Consulting Group, LLC v. Agritech, Inc., 99 Mass. App. Ct. 758, 763 (2021), quoting Antoniadis v. Basnight, 99 Mass. App. Ct. 172, 178-179 (2021), as the defendant was not being charged for this conduct. Prior bad acts need not be crimes themselves. See Commonwealth v. Quinones, 78 Mass. App. Ct. 215, 222 (2010). Indeed, a discussion of the criminality of the defendant's prior bad acts would have distracted the jury and possibly confused the jurors about the issues to be decided. Although "an instruction along these lines would not be error, a judge need not instruct on 'every subsidiary fact and possible inference.'" Commonwealth v. St. Peter, 48 Mass. App. Ct. 517, 526 (2000), quoting 

 Page 405 

Commonwealth v. Therrien, 371 Mass. 203, 206 (1976). The judge acted within her discretion in declining to give the requested instruction.

 4. Limitation on closing argument. The defendant argues that the judge's precluding defense counsel from quoting a biblical verse in closing argument so eviscerated counsel's presentation that it constituted a deprivation of the right to make a defense. See Commonwealth v. Miranda, 22 Mass. App. Ct. 10, 22-23 (1986). Because a defendant has the right to make a closing argument, a judge cannot preclude "relevant arguments that 'remain within the bounds of the evidence and the fair inferences from the evidence,'" Commonwealth v. Cutty, 47 Mass. App. Ct. 671, 675 (1999), quoting Commonwealth v. Pettie, 363 Mass. 836, 840 (1973), or "invade[] 'the province of the jury to decide what inferences to draw from certain evidence.'" Commonwealth v. Gilmore, 399 Mass. 741, 746 (1987), quoting Commonwealth v. Bowden, 379 Mass. 472, 486 (1980). The judge may, however, preclude a defendant from making an argument that is not supported by the evidence. See Commonwealth v. Williams, 53 Mass. App. Ct. 719, 725-726 (2002). We review such determinations for an abuse of discretion. See id. at 725. [Note 5]

 The defendant argues on appeal that the trial judge violated the defendant's right to counsel by precluding defense counsel from reciting a biblical verse in his closing argument. [Note 6] Before attempting to introduce the verse, counsel argued to the jury that the defendant's wife, not the defendant, was the authoritarian figure responsible for the system of corporal punishment in the household: "She decided, of course, that she was going to use a system of punishment that at times involved corporal punishment. It involved setting up boundaries." Immediately after making this argument, counsel said, "I'm going to read you a passage from the Bible, Proverbs 13:24." [Note 7] The prosecutor objected, and the judge sustained the objection, stating that there was no evidence that the mother "was relying on any particular passage in the 

 Page 406 

Bible."

 Although it may have been proper for counsel simply to say, "spare the rod, spoil the child," see Commonwealth v. Hollie, 47 Mass. App. Ct. 538, 541 & n.2 (1999) (not improper for prosecutor to recite sentence from Hamlet in closing argument), the trial judge acted within her discretion in prohibiting counsel from suggesting, without evidence, that the mother was guided in the use of corporal punishment by her religious beliefs and, specifically, by this passage in the Bible. See Mass. G. Evid. § 1113(b)(3) (2022) (it is "not permissible in a closing argument . . . to suggest inferences not fairly based on the evidence"). Cf. Commonwealth v. Martinez, 476 Mass. 186, 198 (2017) (prosecutor improperly invoked biblical reference to "judgment day" in closing).

 At trial, there was no evidence that the mother (or anyone, for that matter) attributed significance to this verse, let alone treated it as a parenting philosophy. The mere fact that the family went to church, studied the Bible, and attended Christian education in no way established that the mother's religious beliefs included the use of corporal punishment. Rather, the mother testified that her acceptance of an occasional spanking was guided by how her parents had raised her. Although counsel enjoys latitude in making a closing argument, the defendant may not make an argument unsupported by the evidence. See Williams, 53 Mass. App. Ct. at 725, quoting Commonwealth v. Paton, 31 Mass. App. Ct. 460, 464 (1991) (within discretion to foreclose argument that "would have required the jury 'to speculate on a hypothesis not supported by the evidence'"). Contrast Commonwealth v. Murchison, 418 Mass. 58, 60 (1994) ("The credibility of witnesses is obviously a proper subject of comment"); Gilmore, 399 Mass. at 746 (that Commonwealth did not produce certain evidence and that evidence introduced was inconclusive was "permissible line of argument").

 Moreover, any prejudice to the defendant was minimal. The judge did not issue any curative instructions after the limitation, such that counsel's argument was undermined. [Note 8] See Commonwealth v. Alvarez, 480 Mass. 299, 317 (2018) ("in some circumstances, a facially proper jury instruction . . . may reasonably be understood by the jury to negate or undercut" proper argument made by defense); Commonwealth v. Remedor, 52 Mass. App. Ct. 694, 

 Page 407 

700 (2001) (judge's answer to jury's question amounted to instruction to disregard "permissible line of argument"). The judge also did not usurp any fact finding, as the jury were not deciding the criminality of the defendant's prior acts. The defendant was free to argue, based on reasonable inferences supported by the evidence, that the punishment was lawful, reasonable, or initiated by the mother. Despite the foreclosure of the unsubstantiated argument above, "defense counsel presented a clear and thoughtful closing argument that sounded the same theme and arguments that have been presented on appeal." Commonwealth v. Rocheteau, 74 Mass. App. Ct. 17, 23 (2009). Accordingly, we discern no abuse of discretion in the judge's limitation on defense counsel's closing argument.

 5. Joinder of charges. A judge shall allow a motion to join two or more related offenses unless the judge "determines that joinder is not in the best interests of justice." Commonwealth v. Gray, 465 Mass. 330, 335, cert. denied, 571 U.S. 1014 (2013), quoting Mass. R. Crim. P. 9 (a) (3), 378 Mass. 859 (1979). "[T]o prevail on a claim of misjoinder, the defendant 'bears the burden of demonstrating that the offenses were unrelated, and that prejudice from joinder was so compelling that it prevented him from obtaining a fair trial.'" Commonwealth v. Pearson, 87 Mass. App. Ct. 720, 727 (2015), quoting Commonwealth v. Pillai, 445 Mass. 175, 180 (2005). "[T]he propriety of joining offenses for a single trial often turns on whether evidence of the other offenses would be admissible in separate trials on each offense." Pearson, supra, quoting Pillai, supra at 180. We will not disturb a judge's decision to join offenses "unless there has been 'a clear abuse of discretion.'" Pearson, supra, quoting Commonwealth v. Aguiar, 78 Mass. App. Ct. 193, 198 (2010).

 a. Relatedness. Offenses are related for joinder purposes "if 'the evidence in its totality shows a common scheme and a pattern of operation that tends to prove' each indictment." Gray, 465 Mass. at 335, quoting Commonwealth v. Feijoo, 419 Mass. 486, 494-495 (1995). Here, the judge properly found that the offenses were related.

 First, the victims "were the same gender and near the same age" at the time of the offenses, Dorazio, 472 Mass. at 542, even if the defendant began abusing his daughter when she was much younger than his niece was when the defendant began abusing her. See Pearson, 87 Mass. App. Ct. at 727-728 (that assaults spanned eleven years did not negate finding of common scheme 

 Page 408 

or modus operandi); Commonwealth v. Torres, 86 Mass. App. Ct. 272, 276 (2014) (joinder proper where offenses involved three different child victims and spanned "many years"). The victims also had similar relationships to the defendant, being his daughter and niece. Both victims lived in the defendant's house and "depende[d] on the defendant for parental protection." Pillai, 445 Mass. at 181-182. Moreover, the offense involving the niece -- who is almost one and one-half years younger than the daughter -- occurred around the time when the defendant stopped abusing the daughter. This continuity strengthens the connection between the offenses. See Robertson, 88 Mass. App. Ct. at 57.

 In addition, the manner and circumstances of the offenses were similar. The offenses occurred "at a location and time when [the victims] were separated" or "isolated" from other people in the household, either because no one else was home, everyone was asleep, or the door was closed. Dorazio, 472 Mass. at 539, 542. They also shared a common place, occurring in the defendant's house, most often in his bedroom. [Note 9] See Robertson, 88 Mass. App. Ct. at 55-56. Finally, the Commonwealth argued that all of the offenses stemmed from the defendant's status as an authoritarian figure to whom no one could say "no." See Commonwealth v. Elliott, 87 Mass. App. Ct. 520, 523-524 (2015) (offenses were related where "Commonwealth's theory was that the defendant had exploited his relationship of trust with the mother in order to gain access to the sisters").

 b. Admissibility. Evidence of prior bad acts, though not admissible to show bad character or criminal propensity, "may be admissible to prove opportunity, intent, preparation, plan, knowledge, pattern of operation, or common scheme or course of conduct, as long as the probative value of the evidence is not outweighed by the risk of unfair prejudice." Commonwealth v. Silva, 93 Mass. App. Ct. 609, 618 (2018). Within these parameters, the Commonwealth is "entitled to present as full a picture as possible of the events surrounding the incident." Commonwealth v. Hernandez, 473 Mass. 379, 394 (2015), quoting Commonwealth v. Robidoux, 450 Mass. 144, 158 (2007).

 Here, the high degree of similarity between the offenses involving the daughter and the offense involving the niece is "sufficient to show 'a common course of conduct by the defendant 

 Page 409 

. . . so as to be logically probative.'" Dorazio, 472 Mass. at 542, quoting Commonwealth v. Barrett, 418 Mass. 788, 794 (1994). In each instance, the evidence shows a common scheme of isolating the victims, removing their clothing, touching them inappropriately, and trying to persuade them that his conduct was normal. [Note 10]

 Accordingly, testimony by the daughter could be admissible in a severed trial on the offense involving the niece because the offenses are "sufficiently related in time, place, and form." Commonwealth v. Walker, 442 Mass. 185, 202 (2004). Similarly, in a severed trial on the offenses involving the daughter, evidence of the offenses involving the niece could be admissible for the same purpose.

 In the trial on the joined offenses, "there is no indication that the jury improperly applied evidence of [the] one charge toward the other[s], especially in light of the fact that the defendant was acquitted of" two offenses involving the daughter. Walker, 442 Mass. at 201. Accord Elliott, 87 Mass. App. Ct. at 524. Furthermore, the judge twice instructed the jury that they "cannot use the testimony of one of the complaining witnesses with respect to the alleged acts committed on her in considering the defendant's guilt with respect to the act or acts allegedly committed on the other complaining witness," but only as "to the defendant's state of mind, intention, pattern of conduct, and absence of mistake." See Hernandez, 473 Mass. at 394. Accordingly, the judge acted within her discretion in joining the offenses for trial.

 6. Duplicative convictions. The defendant argues that his four convictions of rape of a child with force, G. L. c. 265, § 22A, are duplicative of his four convictions of rape of a child aggravated by age difference, G. L. c. 265, § 23A. Each of the four convictions of each crime was based on a different kind of penetration, but each kind of penetration was charged under both statutes, and the jury were not instructed that each forcible child rape charge had to be based on separate and distinct acts from those supporting 

 Page 410 

each aggravated child rape charge. [Note 11]

 Contrary to the defendant's argument, the crimes of forcible child rape and aggravated child rape are not sentencing enhancements. See Commonwealth v. Richardson, 469 Mass. 248, 249 (2014) ("a defendant may be sentenced under only one sentencing enhancement statute"). Sentencing enhancements "do not create independent crimes, but enhance the sentence for the underlying crime." Commonwealth v. Johnson, 447 Mass. 1018, 1019 (2006). Accord Commonwealth v. Sylvia, 89 Mass. App. Ct. 279, 288 (2016). Cf. Commonwealth v. Taylor, 486 Mass. 469, 474-475 (2020) (crime of carrying loaded firearm not "a freestanding offense" and requires conviction of predicate offense). We discern a sentencing enhancement where "the plain language" of a statute requires a finding of a violation of another criminal statutory provision containing its own penalty "before the penalty enhancement provision" can apply. Commonwealth v. Dancy, 90 Mass. App. Ct. 703, 705 (2016). Thus, a statute with language such as "[w]hoever violates paragraph (a) or paragraph (c), by means of a loaded firearm," sets forth a sentencing enhancement. Commonwealth v. Loadholt, 456 Mass. 411, 423-424 (2010), S.C., 460 Mass. 723 (2011), quoting G. L. c. 269, § 10 (n). Accord Bynum v. Commonwealth, 429 Mass. 705, 708 & n.2 (1999), quoting G. L. c. 94C, § 32A (d) (statutory language of "[a]ny person convicted of violating the provisions of subsection [c] after one or more prior convictions" of similar drug crimes denoted sentencing enhancement). Neither the crime of forcible child rape under G. L. c. 265, § 22A, nor the crime of aggravated child rape under G. L. c. 265, § 23A, refers to any other statutory provision or requires a finding that another section or subsection has been violated. Accordingly, both are freestanding crimes.

 As freestanding crimes, the offenses "are not duplicative because each . . . requires proof of an element [that] the other does not." Commonwealth v. Brule, 98 Mass. App. Ct. 89, 94 (2020). The crime of rape of a child by force requires proof that the defendant compelled the child to submit by force or by threat of bodily injury. See G. L. c. 265, § 22A; Scione v. Commonwealth, 481 Mass. 225, 229 (2019). No particular age difference is required, nor must the defendant be a mandated reporter. The crime of 

 Page 411 

aggravated child rape requires either greater than a five- or greater than a ten-year age difference [Note 12] or that the defendant be a mandated reporter. See G. L. c. 265, § 23A; Commonwealth v. Garcia, 95 Mass. App. Ct. 1, 5 & n.6 (2019); Commonwealth v. Galazka, 84 Mass. App. Ct. 907, 909 (2013). There is no requirement of force or threat of bodily injury. See Scione, supra at 230 ("'the use, attempted use or threatened use of physical force' is not an element of § 23A"). Accordingly, the crimes are not duplicative. See Commonwealth v. Medeiros, 456 Mass. 52, 60 (2010) (defendant was convicted of aggravated rape, which included additional "statutory element" of joint enterprise, and forcible child rape); Commonwealth v. Rios, 96 Mass. App. Ct. 463, 475 n.17 (2019) ("The two convictions based on a single act -- one for aggravated rape of a child, and one for rape of a child by force -- were not duplicative, as each crime contains an element that the other does not"). Contrast Brule, supra at 95, citing Commonwealth v. Walker, 426 Mass. 301, 304-305 (1997) ("indecent assault and battery of a child under age fourteen is a lesser included offense of rape of a child under age sixteen").

 7. Dissemination of matter harmful to minors. The crime of dissemination of matter harmful to minors is subject to a number of exemptions, one of which is that "[i]t shall be a defense in a prosecution under this section that the defendant was in a parental or guardianship relationship with the minor." G. L. c. 272, § 28. Here, the Commonwealth established that the minor to whom harmful matter was disseminated was the defendant's daughter, living with the defendant, at the time of the dissemination. Accordingly, it appears from the trial evidence that the defendant was exempt from criminal liability. Contrary to the Commonwealth's view, there is nothing absurd about the Legislature's desire not to interfere, through the criminal law, with a parent's decision what materials are appropriate for a child to view. See St. 1974, c. 430, § 1 (inserting the exemption). That the defendant also abused his daughter horribly does not change his criminal liability for dissemination; rather, he is criminally liable for that abuse. See Garcia, 95 Mass. App. Ct. at 3-4; Commonwealth v. Poitras, 55 Mass. App. Ct. 691, 692 n.1 (2002).

 Page 412 

 The statutory exemption, however, was not raised by the defendant, either at trial or on appeal. We requested briefing from the parties, as we are required to do before reversing a conviction on a ground not raised in the appellant's brief. See Commonwealth v. Cullity, 470 Mass. 1022, 1022 n.2 (2015). A defendant enjoying a statutory exemption from criminal liability is required to provide the Commonwealth with pretrial notice of the exemption. See Mass. R. Crim. P. 14 (b) (3), as appearing in 442 Mass. 1518 (2004); Commonwealth v. Jefferson, 461 Mass. 821, 832-833 (2012). Where, as here, the Commonwealth was aware of the factual underpinnings of the exemption and the record contains unrebutted evidence that the statutory exemption applies but the defendant failed to provide pretrial notice of the exemption, the proper remedy is to reverse the conviction but to allow the charge to be retried, in case the Commonwealth can "offer evidence in rebuttal." Jefferson, supra at 832. Contrast Commonwealth v. O'Connell, 438 Mass. 658, 665 (2003) (defense of lack of authority waived where defendant failed to provide pretrial notice and no evidence of defense was presented at trial); Commonwealth v. Grafton, 93 Mass. App. Ct. 717, 722-723 (2018) (same). Although it is difficult to imagine how the dissemination charge could be pursued under the facts as appearing in the present record, we cannot know what evidence the Commonwealth may possess that was not presented in light of the lack of notice, nor is it our role to determine which positions it would be appropriate for the Commonwealth to take on remand. Those questions can be explored on remand, if the Commonwealth chooses to attempt a retrial on the dissemination charge.

 8. Conclusion. The judgment on the charge of dissemination of matter harmful to minors is reversed and the verdict is set aside. The remaining judgments are affirmed.

 So ordered.

FOOTNOTES
[Note 1] The defendant was acquitted of one count of indecent assault and battery on a child. 

[Note 2] The defendant was acquitted of one count of indecent assault and battery. Another count was disposed of in an uncontested motion for a required finding of not guilty, which the judge allowed. 

[Note 3] In her closing argument, the prosecutor argued that "what [the Commonwealth's witnesses] really brought into this courtroom was evidence of this defendant's authority and power and control over them." The prosecutor urged the jury to "think about whether the defendant's pattern of behavior . . . made [the daughter] in a position to complain, to resist, or . . . allowed [the defendant] to keep assaulting her." 

[Note 4] On more than one occasion, the defendant left welts on the children's bodies from striking them with a belt. 

[Note 5] Although the outright denial of the opportunity to make a closing argument is "a denial of the basic right of the accused to make his defense," Miranda, 22 Mass. App. Ct. at 22, quoting Herring v. New York, 422 U.S. 853, 859 (1975), not every ruling involving closing arguments raises a constitutional issue. See Commonwealth v. Rocheteau, 74 Mass. App. Ct. 17, 22 (2009) (order of closing arguments does not present constitutional question). 

[Note 6] The defendant moved unsuccessfully for a mistrial on this basis. 

[Note 7] The New Revised Standard Version renders this verse, "Those who spare the rod hate their children, but those who love them are diligent to discipline them." 

[Note 8] Trial counsel claimed only that the sidebar discussion "interrupt[ed] the pace and substance" of his argument. 

[Note 9] Some of the offenses involving the daughter occurred in other rooms (and one, at a neighbor's house), an immaterial difference given the fact that the defendant abused the daughter for eleven years. 

[Note 10] The defendant dismissed the daughter's objection to the defendant's abuse by saying (1) that just because the victim thought that "[her] friends ha[d] . . . different relationships with their dads" did not mean that her friends did not also have a sexual relationship with their fathers, and (2) that, if the defendant and the daughter lived in another area, the defendant's behavior "would be totally fine." Similarly, the defendant dismissed the niece's discomfort with the defendant touching her hand by saying that "everyone has different boundaries." 

[Note 11] By contrast, the judge instructed that the same touching could not be the basis for both an indecent assault and battery charge and a rape charge. The unaggravated rape charge covered a different time period than any of the child rape charges (that is, after the daughter turned sixteen years old). 

[Note 12] If the victim is younger than twelve years old, an age difference of more than five years is sufficient. See G. L. c. 265, § 23A (a). If the victim is between twelve and sixteen years old, a more than ten-year age difference is required. See G. L. c. 265, § 23A (b). Because the daughter was already thirteen years old when § 23A was enacted, see St. 2008, c. 205, § 2, this case was submitted to the jury only under § 23A (b). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.