NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-492

COMMONWEALTH

vs.

MIGUEL CORDOVA.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Middlesex Superior Court, the defendant was found guilty of rape of a child, aggravated by age difference, G. L. c. 265, § 23A, rape of a child by force, G. L. c. 265, § 22A, and indecent assault and battery on a person over fourteen, G. L. c. 265, § 13H.  The defendant appeals his convictions, raising multiple arguments.  We affirm.

Background.  The defendant was in a long-term romantic relationship with S.R. between approximately 2008 and 2020.  The victim, A.R., is S.R.'s teenage daughter born in 2005.  The Commonwealth alleged that the defendant, who has no medical

_____

[1] As is our custom, we set forth the defendant's name as it appears in the indictments, although his name is followed by the generational suffix "III" elsewhere in the record.

background, sexually assaulted her on divers dates, beginning after her thirteenth birthday in 2018, and ending on November 21, 2020, by pretending to perform "checkups" on her breasts and vagina, taking notes on her development, sometimes using a measuring tape, rubbing her nipples, labia, and/or clitoris, and taking photographs of her vagina.  The defendant was indicted on counts of aggravated rape of a child, in violation of G. L. c. 265, § 23A (count one); rape of a child by force, in violation of G. L. c. 265, § 22A (count two); indecent assault and battery on a child under age fourteen, in violation of G. L. c. 265, § 13B (count three); indecent assault and battery on a person over age fourteen, in violation of G. L. c. 265, § 13H (count four); and posing a child in a state of nudity, in violation of G. L. c. 272, § 29A (a) (count five).

The defense was that S.R. manipulated A.R into fabricating the claims against the defendant as revenge for his infidelity. After a motion in limine, the judge admitted evidence of S.R.'s anger with the defendant prior to the date of the first complaint, November 21, 2020.  This included evidence of S.R. accosting the defendant and his then-girlfriend in September, 2020, at the girlfriend's house.  The judge excluded, however, evidence of her anger after that date, including a videotape of S.R. confronting the defendant's girlfriend at a Target store.

2

At trial, Facebook messages from a purported conversation between S.R. and the defendant on November 22, 2020, the day after the first complaint, were admitted against the defendant.

Following a jury trial, the defendant was found guilty on counts one, two, and four, and not guilty on counts three and five. In this, his direct appeal, he argues that 1) the trial judge wrongfully excluded evidence of S.R.'s postaccusation confrontation with his then-girlfriend; 2) he was convicted of duplicative offenses because aggravated rape of a child is a lesser-included offense of rape of a child by force; 3) there is a substantial risk that he may have been convicted of unindicted crimes; and 4) the trial judge wrongfully admitted the Facebook messages without appropriate authentication and without instructing the jury they must find the defendant their author by a preponderance of the evidence before convicting him.

Discussion. 1. Exclusion of video evidence. Defendant first argues that the trial judge wrongfully excluded the testimony and video evidence showing S.R.'s postaccusation confrontation with the defendant's then-girlfriend in a Target store.

"Cross-examination of a prosecution witness to show the witness's bias or prejudice is a matter of right under the Sixth Amendment to the Constitution of the United States and art. 12

3

of the Declaration of Rights of the Commonwealth."  Commonwealth v. Avalos, 454 Mass. 1, 6 (2009), quoting Commonwealth v. Allison, 434 Mass. 670, 681 (2001).  However, a trial judge also has broad discretion to limit cross-examination concerning possible bias "when further questioning would be redundant, where there has been such 'extensive inquiry' that the bias issue 'has been sufficiently aired,' or where the offered evidence is 'too speculative'" (citations omitted).  Commonwealth v. Meas, 467 Mass. 434, 450 (2014).

The Commonwealth argues that the incident is irrelevant because S.R. was neither the victim nor the first complainant, and S.R. confronted not the defendant but his then-girlfriend.  The defendant's theory was that S.R. caused A.R. to accuse the defendant falsely after being provoked by the defendant's infidelity with the girlfriend while he and S.R. were still together.

The video evidence is relevant in that it supports the defendant's theory and may be a demonstration of S.R.'s continuing anger toward the defendant.  We nevertheless find that, even if the exclusion were error, the defendant was not prejudiced by it, because the defendant was able to "sufficiently air[]" his theory of S.R.'s bias against him.  Avalos, 454 Mass. at 7, quoting Commonwealth v. LaVelle, 414

4

Mass. 146, 154 (1993).  Defense counsel was permitted to introduce testimony, and cross-examine S.R., regarding three separate incidents where S.R. expressed anger toward the defendant or the girlfriend.  As a result, we conclude that "there was extensive inquiry into the witness's bias and credibility in general."  LaVelle, supra.  To be sure, the defendant points out that after S.R. was cross-examined about her conduct toward the defendant and the girlfriend in September, when she accosted them, she testified on redirect that following that incident she texted with the girlfriend and believed that they were, while not friendly, "at peace."  And the video evidence might have undermined that claim in the eyes of the jury.

But given S.R.'s testimony that she was not "friendly" with the defendant in November 2020, albeit they were still together, we do not think the statement about being "at peace" with the girlfriend significantly undermined the defense claim about S.R.'s anger at the defendant such that the inability to cross-examine her based on the postdisclosure video was prejudicial. A judge's decision to restrict cross-examination is "not subject to reversal unless the defendant can show he was prejudiced by too narrow a restriction in his cross-examination rights."  Commonwealth v. Syrafos, 38 Mass. App. Ct. 211, 219

5

(1995), quoting Commonwealth v. O'Connor, 407 Mass. 663, 672 (1990).

2. Lesser-included offense. Defendant argues next that, rape of a child aggravated by age difference, G. L. c. 265, § 23A, is a lesser-included offense of rape of a child by force, G. L. c. 265, § 23A, such that the charges are duplicative and he cannot be convicted of both charges for the same conduct. We review this question of law de novo, see Commonwealth v. Rodriguez, 476 Mass. 367, 369 (2017), but, since this claim was not preserved below, will reverse only if the defendant demonstrates a substantial risk of a miscarriage of justice.

This issue was addressed by this court in Commonwealth v. Foreman, 101 Mass. App. Ct. 398, 410-411 (2022), which concluded that rape of a child aggravated by age difference is not a lesser included offence of rape of a child by force. Id. The defendant argues that, at least when applied to defendants who were over twenty-five at the time of the alleged crimes, Foreman was wrongfully decided, because such individuals cannot commit rape of a child by force without also committing aggravated rape of a child.

However, as the Supreme Judicial Court has clarified in Commonwealth v. Vick, 454 Mass. 418, 431 (2009), we have adopted an "elements-based approach" for reviewing "whether multiple

6

convictions stemming from one criminal transaction are duplicative."  "As long as each offense requires proof of an additional element that the other does not, 'neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative].'"  Id., quoting Commonwealth v. Jones, 382 Mass. 387, 393 (1981).

As the court explained in Foreman, "The crime of rape of a child by force requires proof that the defendant compelled the child to submit by force or by threat of bodily injury. . . . The crime of aggravated child rape requires either greater than a five- or greater than a ten-year age difference . . . or that the defendant be a mandated reporter."  Foreman, 101 Mass. App. Ct. 410-411.  "As freestanding crimes, the offenses 'are not duplicative because each . . . requires proof of an element [that] the other does not.'"  Id. at 410, quoting Commonwealth v. Brule, 98 Mass. App. Ct. 89, 94 (2020).  When there are cases in which, because of the particular facts, a defendant's conduct violates both statutes, he may be charged with and convicted of both.  That, after a certain age, one of the facts required to prove one of the crimes is static does not change that.

3. Unindicted crimes.  The indictment charged distinct events on divers dates.  Hypothesizing that the grand jury may

7

not have meant to indict the defendant for a single event alleged to have taken place at his house, or for the multiple events alleged to have taken place at S.R. and A.R.'s house, the defendant argues that he may have been convicted of an unindicted event, even though the judge gave a specific unanimity instruction.

This, however, is not a case like Commonwealth v. Barbosa, 421 Mass. 547 (1995), in which the grand jury were presented with evidence of two separate, distinct transactions on one date that constituted distribution of cocaine, but only returned an indictment for one count of distribution of cocaine. Id. at 550. The grand jury here were presented with evidence of a continuing course of conduct by the defendant over several years. "[I]t is well established that a single indictment for rape is proper where the alleged multiple acts of penetration are part of a continuing criminal episode" that took place on divers dates. Commonwealth v. Crowder, 49 Mass. App. Ct. 720, 721-722 (2000). See G. L. c. 277, § 32 ("An allegation that a crime was committed or that certain acts were done during a certain period of time next before the finding of the indictment shall be a sufficient allegation that the crime alleged was committed or that the acts alleged were done on divers days and times within that period"). When an indictment alleges criminal

8

conduct on divers dates during a specific period of time, like the challenged indictment here, evidence of any one separate, specific incident may support a conviction under that indictment at trial, so long as the judge provides a specific unanimity instruction to the jury and the verdict is unanimous as to the specific incident. See Commonwealth v. Conefrey, 420 Mass. 508, 510-513 (1995).

4. Authentication. Finally, the defendant argues that the trial judge erred in admitting Facebook messages because the evidence was insufficient to support a finding by a preponderance of the evidence that he wrote them, and that the trial judge erred by failing to instruct the jury that, in order to consider them, they had to find by a preponderance of the evidence that the defendant authored them. The defendant filed a motion to exclude the messages and contested their authentication in the trial court, so we review their admission for abuse of discretion. Commonwealth v. Meola, 95 Mass. App. Ct. 303, 312 (2019). The defendant did not request a jury instruction about the evidence or otherwise object to the jury instruction given at trial, so we review the jury-instruction issue for a substantial risk of a miscarriage of justice. See Commonwealth v. Desiderio, 491 Mass. 809, 810 (2023).

We conclude that the Facebook messages were adequately authenticated. The defendant cites Commonwealth v. Williams, 456 Mass. 857, 868-869 (2010), in which the Supreme Judicial Court held that MySpace messages purportedly sent by the defendant's brother were inadmissible without proper authentication. However, the Facebook messages in our case include significantly more "confirming circumstances" reflecting their authenticity than the MySpace messages in Williams. See Commonwealth v. Purdy, 459 Mass. 442, 448-449 (2011). These "confirming circumstances" include the defendant's photo featured as the account's profile picture, the use of the same alias used by the defendant's other social media accounts, and the inclusion of details known only to S.R. and the defendant that matched S.R.'s testimony about what happened after the first complaint.

As for the jury instructions, even though this court previously recognized in Commonwealth v. Foster F., 86 Mass. App. Ct. 734, 738 (2014), that it is a "better practice" to instruct the jury that before considering electronic communication, they must find by a preponderance of the evidence that the defendant is the author, we have never held that it is required. Here the trial judge did instruct the jury to "determine what evidence to accept, how important any evidence

10

is . . . and what conclusions to draw from all the evidence." In light of that, even if there was error here, it did not create a substantial risk of a miscarriage of justice.  See Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 759 n.8 (2016).

Judgments affirmed.

By the Court (Rubin,
  Desmond & Allen, JJ.[2]),

Clerk

Entered:  June 11, 2026.

---

[2] The panelists are listed in order of seniority.